## Kentucky Unemployment Compensation Commission v. Chenault & Orear.

Oct. 1, 1943.

Elwood Rosenbaum and O. Bion Hannah for appellant.

Robert H. Winn for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

The appellees, Chenault & Orear, a partnership composed of Lee Orear, C. C. Chenault and C. C. Chenault, Jr., were engaged in the garage business in Mt. Sterling. Lawrence Young, a former employee, filed a claim for compensation with the Unemployment Compensation Commission, which, if allowed, would be charged against the reserve account of the firm to the amount of $65.28. The claim was allowed by a referee after a hearing but the referee's decision was set aside on request of the appellees and another hearing was set on March 17, 1943. The appellees requested a postponement for the reason that C. C. Chenault, Jr., was in the military service of the United States in the state of New Mexico and his father was on a visit to him and the facts pertinent to the claim were known only to these two members of the firm. The Commission refused to postpone the hearing, whereupon the appellees instituted this action for an injunction to prevent the hearing and obtained a temporary restraining order restraining the Commission from proceeding therewith. The basis of the injunction sought was the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C. A. Appendix Section 501 et seq., it being alleged that C. C. Chenault, Jr., was the only member of the firm knowing the circumstances and facts surround-

ing the cessation of Young's employment. Judgment was rendered enjoining the Commission from proceeding with the hearing until 60 days after the cessation of the military service of C. C. Chenault, Jr., and the Commission appeals.

At the outset it is suggested that the appeal should be dismissed because it was granted by the lower Court in an action involving less than $500, but, since the appeal is from a judgment granting an injunction, the amount ultimately involved in the litigation is immaterial. McKim et al. v. Smith, 294 Ky. 835, 172 S. W. (2d) 634.

It is contended by the appellees that the present Unemployment Compensation Act, KRS 341.010 to 341.990, is unconstitutional because the allowance of a claim which would affect the employers reserve account is the assessment of a tax against the employer for which judicial review of decisions by referees is not provided.

Granting, arguendo, that this would render the act unconstitutional, we find no merit in the contention, since it clearly appears that such judicial review is provided. It is the argument of the appellees that no appeal is granted to the Commission from a referee's decision as a matter of right, but that, by KRS 341.430, the setting aside of a referee's decision by the Commission is made to depend on the whim, fairness or desire of the Commission. Without setting out at length the various provisions of the act providing for appeals, it is sufficient to say that in our opinion sections 341.420, 341.430 and 341.450 of KRS render it apparent that the legislature provided for the finality of the referee's decision in the absence of appeal to the Commission and that where there was such appeal and it was denied the referee's decision becomes the final decision of the Commission, from which an appeal to the Circuit Court is expressly provided by KRS 341.450.

It is strenuously argued in support of the judgment that the Chancellor correctly applied the Soldiers' and Sailors' Civil Relief Act, but, even were the procedure relied on to secure the benefit of the act appropriate, we are of the opinion that it has no application here. In Boone v. Lightner, 63 S. Ct. 1223, 87 L. Ed., it was held that the act was not to be construed to require a continuance on mere showing that the defendant is in mili-

tary service but only where the ability of the defendant to conduct his defense is materially affected. The claim pending before the Commission amounts to only $96 and an adverse decision to the appellees would have resulted only in affecting their reserve account to the extent of $65.28. Two members of the firm were not in the military service and, in a matter as simple as this, were undoubtedly capable of taking care of the firm's interest and properly presenting the defense. In these circumstances it does not seem to us that the ability of C. C. Chenault, Jr., to conduct his defense was materially affected by his military service.

But, aside from the conclusions enunciated, the Court was clearly without power to enjoin the Commission from proceeding to a hearing of the claim. The Unemployment Compensation Act is a comprehensive act dealing with the subject of unemployment and provides a full, complete and adequate procedure for hearing and disposing of claims, including judicial review of the Commission's decisions, as indicated above. This procedure provided by the statute gives exclusive primary jurisdiction to the Commission and the only province of the Courts in connection therewith is review as provided by the statute and, possibly, ancillary aid in enforcement of the Commission's decisions. By conferring exclusive primary jurisdiction on the Commission the legislature clearly intended to deny to Courts power to award injunction until the Commission has passed on the claims. Moore v. Louisville Hydro-Electric Company, 226 Ky. 20, 10 S. W. (2d) 466; Restatement of the Law of Torts, Sec. 948; Kendall v. Beiling, 295 Ky. 782, 175 S. W. (2d) 489.

The plea for postponement of the hearing under the Soldiers' & Sailors' Civil Relief Act should have been made before the Commission. If the Commission had acted erroneously on the plea, review of the Commission's action could have been had in the Circuit Court by appeal. In any event, resort may not be had to the Courts until the procedure provided by the Unemployment Compensation Act has been complied with. The chancellor was therefore in error in enjoining the hearing.

Judgment reversed with directions to enter a judgment dismissing the petition.