**King David CLARK, Appellant,**

v.

**TECON CORPORATION, Appellee.**

Court of Appeals of Kentucky.

Oct. 18, 1963.

Tyler C. Bourne, Paducah, for appellant.

Reed & Hines, Paducah, for appellee.

STANLEY, Commissioner.

The appeal is from a judgment dismissing a petition of the appellant, King David Clark, for a review of an order of the Workmen's Compensation Board denying him an award against the appellee, Tecon Corporation, by whom he was employed when injured.

The order of the Board was entered April 19, 1961, and the petition for review was filed in the Livingston Circuit Court 87 days later on July 14, 1961. The circuit court has no jurisdiction to review a decision of the Compensation Board unless the petition is filed within twenty days after its rendition. KRS 342.285. The respondent filed a motion to dismiss the petition for review upon this ground of limitations.

The plaintiff did not respond to the motion by any pleading. In a *brief* the plaintiff stated that he had filed a timely appeal from the decision of the Board in the McCracken Circuit Court because the hearings of the referee had been held in Paducah and process was served upon the employer in McCracken County, and that the McCracken Circuit Court had dismissed the proceeding bcause of the absence of jurisdiction, the plaintiff's injury having been sustained in Livingston County. In that brief the petitioner invoked the provision of KRS 413.270 that if an action is commenced in due time and in good faith in any court and it is adjudged that the court has no jurisdiction, the plaintiff may within ninety days from the "time of that judgment" commence a new action in the proper court; and the time intervening between the commencement of the first and last actions shall not be counted in applying any statute of limitation. The application of that statute is pressed upon the appeal.

Conceding that the remedial statute applies to a judicial proceeding for review of a final order of the Workmen's Compensation Board, in this case there was no proper showing in the Livingston Circuit Court of the facts or grounds for its application. A court, in determining legal questions, is limited to the consideration of the facts as pleaded. The facts relied on here were not alleged of record, and the court was not authorized to consider the attorney's brief or argument unsupported by the record and presented extrinsically.

The judgment is affirmed.