**Carl CABE, Commissioner, Department of Labor, Commonwealth of Kentucky, Appellant,**

**v.**

**Flossie EUBANKS, d/b/a Sanders Restaurant, Appellee.**

Court of Appeals of Kentucky.

Feb. 3, 1967.

Martin Glazer, Dept. of Labor, Frankfort, for appellant.

Lohren F. Martin, Jr., Sutton & Martin, Corbin, for appellee.

DAVIS, Commissioner.

Carl Cabe, Commissioner of the Department of Labor, appeals from a judgment enjoining him from holding an investigative hearing, and restraining him and his representatives from " * * * any future act or investigation, hearing, or any other acts which will interrupt or damage [appellee] in the operation of her business, including the institution of unwarranted actions at law."

The appeal is presented under CR 76 by statement which is summarized as follows:

During December 1965, and January 1966, appellee's books were examined by an investigator of the Department of Labor relative to payment of minimum wages due female employees in appellee's restaurant.

Upon completion of the audit by the investigator appellee was informed that the audit reflected indebtedness from her to her past and present employees in the sum of $1,538.73. The appellee refused to pay the sum stated, or any sum.

A hearing was scheduled to be held before a deputy of the Commissioner of La-

bor concerning wages paid by appellee to her female employees. The hearing was set for 10:00 a. m. on February 23, 1966; subpoenas were issued directing all of appellee's present and past employees to appear to testify at the hearing.

On February 22, 1966, appellee filed the present action in the Whitley Circuit Court seeking temporary and permanent injunctive relief against the holding of the proposed hearing. A temporary restraining order was issued by the clerk of the circuit court. After appropriate procedural steps and a hearing before the circuit judge, the temporary restraining order was incorporated into a permanent injunction.

Appellant contends that he is charged with the duty and possesses the authority to hold hearings and conduct investigations incident to enforcement of the minimum wage law of this state. KRS 336.060, 336.070, and 337.340 are cited as statutory bases for appellant's position.

As additional grounds for seeking a reversal of the judgment granting the permanent injunction, appellant asserts that the mere holding of a hearing will not cause immediate and irreparable harm to appellee, and that she has adequate remedy by appeal anyway.

Appellant relies upon Pritchett v. Marshall, Ky., 375 S.W.2d 253; Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489; Ky. Unemployment Compensation Commission v. Chenault & Orear, 295 Ky. 562, 174 S.W.2d 767, as supporting the proposition that normally courts will not enjoin a hearing by an administrative agency absent a showing that no adequate appeal procedure exists. The appellee concedes the general rule as suggested by appellant, but takes the position that since the Department had already made an audit there was nothing to "hear." In short, the appellee's point of view is that the audit was the final administrative act, and the attempted hearing was oppressive and coercive.

Appellee contends that immediate and irreparable harm would result from the hearing because all of her first-shift employees were subpoenaed to appear at a hearing, thus making it necessary for her to close her restaurant. Appellant has stated in brief that assurance was given that appearance of these employees would be so "staggered" as to prevent the closing of the restaurant.

It is our view that the appellant had the statutory right to hold the hearing, and that the completion of the audit did not constitute an exhaustion of his statutory prerogatives in the premises.

In any event, we are of the view that this factual situation was not one warranting the extraordinary remedy of injunction. We are unable to discern any element of immediate or irreparable damage which could have resulted to appellee from such a hearing, and there is no suggestion that normal appeal would fail to afford her an adequate remedy. In this state of case injunctive relief is not appropriate. Cf. Collins v. Commonwealth, Ky., 324 S.W.2d 406, 11 Ky. Digest, Injunction, ⊛16.

The judgment is reversed for further proceedings consistent with this opinion.