DEPARTMENT FOR NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION, Commonwealth of Kentucky; J. Gregg Clendenin, Hearing Officer; George S. Brooks, Attorney for Movant William W. Rowe; Gary W. Hall, Robert S. Chenault, Inspectors for Movant, Movants,

v.

BLACKHAWK MINING COMPANY, INC., Respondent.

Court of Appeals of Kentucky.

Sept. 26, 1980.

Alan L. Harrington, J. Rick Jones, Dept. for Natural Resources, Frankfort, for movants.

Dan Jack Combs, Pikeville, for respondent.

Before GUDGEL, HOGGE and WINTERSHEIMER, JJ.

OPINION AND ORDER

GUDGEL, Judge.

■ This matter is before us on a CR 65.07 motion of the Department for Natural Resources and Environmental Protection to dissolve a temporary injunction entered on February 2, 1979 by the Pike Circuit Court. The principal issue is whether the court had

jurisdiction to issue a temporary injunction prohibiting movant from holding an administrative hearing. We hold that the court lacked jurisdiction to issue the injunction.

Movant filed an administrative complaint against respondent, pursuant to KRS 224.-081, on November 29, 1978. On January 5, 1979, respondent filed an answer to the complaint and a motion asking that the site for the hearing be changed from Frankfort to movant's office in Pike County. A hearing was had before movant's hearing officer, and an order was issued by the hearing officer on January 11, 1979 which denied the motion.

Respondent filed this action in the Pike Circuit Court on January 15, 1979, and obtained a temporary restraining order enjoining movant and movant's hearing officer from conducting the hearing scheduled for Frankfort. Subsequently, movant made a motion to dissolve the restraining order, and respondent made a motion for a temporary injunction. A hearing was held on these motions on January 30, 1979. On February 2, 1979, the court issued a temporary injunction enjoining movant from conducting any administrative hearings against respondent at any place within the Commonwealth other than the movant's office in Pike County. Movant then filed a timely CR 65.07 motion before this Court asking that the temporary injunction be dissolved.

We believe that the decision in *Kentucky Unemployment Compensation Commission v. Chenault & Orear*, 295 Ky. 562, 174 S.W.2d 767 (1943), is dispositive of the issues raised in this appeal. In that case, the Unemployment Compensation Commission refused to postpone an administrative hearing, even though the only individual connected with the employer who had any knowledge about the employee's claim was away on active military service. When the Commission refused to postpone the hearing, the employer instituted an action in the circuit court seeking injunctive relief against the holding of the hearing. The court issued a temporary restraining order restraining the Commission from proceeding with the hearing, and then an injunction enjoining the Commission from proceeding with the hearing until 60 days after the employer's witness ceased active military service. The court held:

> . . . [T]he Court was clearly without power to enjoin the Commission from proceeding to a hearing of the claim. The Unemployment Compensation Act is a comprehensive act dealing with the subject of unemployment and provides a full, complete and adequate procedure for hearing and disposing of claims, including judicial review of the Commission's decisions, as indicated above. This procedure provided by the statute gives exclusive primary jurisdiction to the Commission and the only province of the Courts in connection therewith is review as provided by the statute and, possibly, ancillary aid in enforcement of the Commission's decisions. By conferring exclusive primary jurisdiction on the Commission the legislature clearly intended to deny to Courts power to award injunction until the Commission has passed on the claims.

We are unable to distinguish this case from *Kentucky Unemployment Compensation Commission v. Chenault & Orear, supra*. KRS Chapter 224 is a comprehensive act dealing with the subject of environmental protection. It provides a full, complete, and adequate procedure for the disposition of administrative complaints, including the right to judicial review of any order issued by movant. These procedures are set forth in KRS 224.081, 224.083 and 224.085. Examination of these statutes readily establishes that the courts of this Commonwealth are not given jurisdiction to intervene in any proceeding before movant until such time as an order disposing of an administrative complaint is issued by the secretary of movant. It is only at that point that the courts are authorized to intervene in the agency process, and then only by way of judicial review. In addition, the only circuit court granted jurisdiction to review any such order is the Franklin Circuit Court. KRS 224.085. It follows that the Pike Circuit Court did not have jurisdiction to even entertain an action involving a

pending administrative proceeding before movant, much less jurisdiction to enjoin movant from holding a hearing in the proceeding at any location it chose. *Kentucky Unemployment Compensation Commission v. Chenault & Orear, supra;* KRS 224.085.

Movant's remaining contentions are moot.

For the reasons stated, it is hereby ORDERED that the temporary injunction issued by the Pike Circuit Court should be and it is hereby dissolved, and this case is remanded to that court, with directions to dismiss respondent's complaint.

All concur.