Carl Edward ADKINS, and 338 Other Members of the Oil, Chemical and Atomic Workers Local Union No. 3–523, Appellants,

v.

COMMONWEALTH of Kentucky, Kentucky Unemployment Insurance Commission, and Allied Chemical Corporation, Semet-Solvay Division, Appellees (two cases).

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Allied Chemical Corporation, Semet-Solvay Division, Cross-Appellants,

v.

Carl Edward ADKINS, and 338 Other Members of the Oil, Chemical and Atomic Workers Local Union No. 3–523, Cross-Appellees.

Court of Appeals of Kentucky.

Feb. 20, 1981.

Discretionary Review Denied
May 19, 1981.

Gordon J. Dill, Jr., Creech, Conn & Dill, Stanley R. Hogg, Creech, Hogg, Conn & Dill, Ashland, for appellants, Carl Edward Adkins and 338 Other Members of the Oil, Chemical and Atomic Workers Local Union No. 3–523.

Paul F. Fauri, Gen. Counsel, R. Hughes Walker, Staff Atty., Dept. for Human Resources, Frankfort, for appellee/cross-appellant, Kentucky Unemployment Ins. Commission.

Robert L. Templeton, Vanantwerp, Hughes, Monge & Jones, Ashland, for appellee, Allied Chemical Corp., Semet-Solvay Division.

REVERSING WITH DIRECTIONS
AS TO

APPEAL NO. 80–CA–475–MR;

AFFIRMING AS TO CROSS–APPEAL
NO. 80–CA–687–MR

and APPEAL NO. 80–CA–937–MR

Before GUDGEL, LESTER and McDONALD, JJ.

McDONALD, Judge:

These two appeals and a cross-appeal from two circuit courts involve members of the Oil, Chemical and Atomic Workers Local Union No. 3–523, their employer, the Semet-Solvay Division of Allied Chemical Corporation (Semet-Solvay) and the Kentucky Unemployment Insurance Commission (the Commission).

On May 14, 1979 the collective bargaining agreement between Semet-Solvay and the appellants' union expired by its terms and a work stoppage ensued. The appellants applied for unemployment insurance benefits but their claims were rejected on the basis of K.R.S. 341.360(1) which reads in part as follows:

> No worker may be paid benefits for any week of unemployment:
>
> (1) With respect to which a strike or other bona fide labor dispute which caused him to leave or lose his employment is in active progress in the establishment of which he is or was employed, . . . . For the purpose of this subsection a lockout shall not be deemed to be a strike or a bona fide labor dispute and no worker shall be denied benefits by reason of a lockout;

The workers appealed the rejections and were granted a consolidated hearing before a referee at the Ashland office of the Kentucky Department of Human Resources Bureau for Social Insurance on July 25, 1979. No representative for the employer attended the hearing although notice had been given. The referee concludes that benefits were payable because the situation was a lockout and as such was expressly exempted by the above-cited statute. The Department entered an order granting the appellants benefits on August 7, 1979.

The employer appealed the referee decision to the Kentucky Unemployment Insurance Commission and sought a new hearing arguing that there was good cause for its failure to attend the hearing and that the Commission should utilize broad discretion in a case which affects the public interest in disbursement of large amounts of tax revenues. The Commission declined to reverse the referee's holding but did set aside the referee's order. The case was remanded to

the appeals branch of the Unemployment Insurance Division for a *de novo* hearing.

The appellants then filed an original action in the Boyd Circuit Court, pursuant to K.R.S. 341.450, appealing the Commission's decision. Subsection (1) of the statute provides as follows:

> Except as provided in K.R.S. 341.460, within twenty (20) days after the date of the decision of the commission, any party aggrieved thereby may, after exhausting his remedies before the commission, secure judicial review thereof by filing a complaint against the commission in the circuit court of the county in which the claimant was last employed by a subject employer . . . .

The court determined that the exception applied because the case involved a dispute over the existence of a lockout and whether benefits were due the members under K.R.S. 341.360(1). K.R.S. 341.460 sets the venue for all appeals arising under K.R.S. 341.360(1) in Franklin Circuit Court. Consequently, the court dismissed the case on the grounds of improper venue. The appellants' motion to vacate the order was overruled, the court stating that its order would not preclude filing in Franklin Circuit Court. The members have appealed from this dismissal, arguing that their complaint was properly filed in the Boyd Circuit Court under K.R.S. 341.450(1). The Commission has cross-appealed on the premise that not only was venue lacking, but jurisdiction as well. The Commission argues that no circuit court will have jurisdiction of the case until the appellants have exhausted their administrative remedies and the Commission has rendered its final decision.

Next, the appellants filed a second complaint against the same defendants, this time in Franklin Circuit Court pursuant to K.R.S. 341.460(1). That court dismissed the action on March 19, 1980, for lack of jurisdiction for failure to exhaust administrative remedies. The union members have appealed this dismissal as well.

Taking the appeals in chronological order we shall first discuss the appeal and cross-appeal from the Boyd Circuit Court dismissal for improper venue. The appellants argue that K.R.S. 341.450 governs, placing the action in the Boyd Circuit Court, the circuit court of the county in which the claimants were last employed. They also argue that the Commission stated by its order that it could be appealed under that section. They claim that their appeal does not fall under K.R.S. 341.460 which specifies that Franklin Circuit Court is the proper forum for appeals arising under K.R.S. 341.360(1). That subsection, quoted *supra*, disqualifies workers involved in strikes and other bona fide labor disputes from receiving unemployment benefits while exempting those unemployed by reason of a lockout. Since the referee decided there was a lockout, exempted by the subsection, appellants conclude that the appeal does not arise thereunder. It is only when a strike or other bona fide labor dispute exists that an appeal must lie to Franklin Circuit Court, they argue. Finally, the appellants stress that the Commission's decision to grant a *de novo* hearing was not a determination on the existence of a strike or labor dispute, but a procedural decision. Because they appeal that decision as denying them procedural due process, they maintain that venue is proper in the Boyd Circuit Court under K.R.S. 341.450.

We do not agree with appellants' interpretation of K.R.S. 341.460 as limited to situations where there has been a finding of the existence of a strike or other bona fide labor dispute. Nor do we think that the fact that the Commission's pre-printed order form contains a recitation of K.R.S. 341.450 indicates that the Commission intended for venue to be set by that section or precludes an appeal under K.R.S. 341.460.

The determination of the venue question rests on whether this appeal arises under K.R.S. 341.360(1), the strike/lockout section. If so, K.R.S. 341.460 mandates that review shall be had to the Franklin Circuit Court. What was overlooked or decided by implication is the threshold ques-

tion of jurisdiction. K.R.S. 341.460(1) incorporates the basic judicial review section, K.R.S. 341.450, and adds to it the exception on venue for certain types of cases. K.R.S. 341.450 provides for judicial review when a party aggrieved by a decision of the Commission, after exhausting his remedies before the Commission, files his complaint in the appropriate circuit court. These prerequisites for judicial review must be met regardless of the nature of the appeal, and it is our opinion that the statutory requirements for judicial review have not been met.

First, we are not convinced that the appellants are "aggrieved" by the order. To date, the decisions of the referee and Commission have been in their favor and the appellants have received benefits. Second, the order appealed from cannot be construed as "the decision" of the Commission; the Commission is awaiting the rehearing and will issue its decision based on that record. 904 KAR 5:130, Section 2(2)(c). Third, we do not think that the appellants have exhausted their administrative remedies. Once the rehearing has taken place, should the Commission decide that benefits are not payable, the appellants will be entitled to appeal the Commission decision as they have tried to do here.

■ There are exceptions to the requirement of exhaustion of administrative remedies which permit courts to intervene before the completion of agency proceedings. For example, exhaustion may not be required when an agency acts in excess of its powers. The exception does not apply here because there is a regulation which permits a party who failed to appear at a referee hearing to request a rehearing. 904 KAR 5:130 Section 3(5). The Commission must grant the request upon a showing of good cause. There is also authority for the Commission, at its discretion, to return a case to the referee for the taking of additional evidence before rendering its decision. K.R.S. 341.430. 904 KAR 5:130 Section 2(2)(c). Another exception comes into play

when agency regulations are attacked as unconstitutional. *International Society for Krishna Consciousness, Inc. a/k/a ISKCON v. Commonwealth of Kentucky,* Ky.App., 610 S.W.2d 910, (1980). Direct appeal is also available in a case in which further resort to the administrative process would be futile and the parties no longer have any viable remedy through the agency.

We do not think the case falls under any of the exceptions to the exhaustion requirement. Rather, it appears to us that the case of *Kentucky Unemployment Compensation Commission v. Chenault & Orear,* 295 Ky. 562, 174 S.W.2d 767 (1943) is dispositive of the issue here. In that case our highest court stated:

> The Unemployment Compensation Act is a comprehensive act dealing with the subject of unemployment and provides a full, complete and adequate procedure for hearing and disposing of claims, including judicial review of the Commission's decisions, as indicated above. This procedure provided by the statute gives exclusive primary jurisdiction to the Commission and the only province of the Courts in connection therewith is review as provided by the statute and, possibly, ancillary aid in enforcement of the Commission's decisions. By conferring exclusive primary jurisdiction on the Commission the legislature clearly intended to deny to Courts power to award injunction until the Commission has passed on the claims. *Id.* at 565, 174 S.W.2d at 768.

Accordingly, the judgment of the Boyd Circuit Court is reversed on cross-appeal with directions to enter an amended judgment dismissing the action on the grounds of lack of jurisdiction. The judgment of the Franklin Circuit Court is affirmed.

All concur.