## J. A. JONES CONSTRUCTION COMPANY, Appellant,

v.

## Joseph V. CARRICO and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

June 18, 1982.

Supreme Court Order Denying Motion for Enlargement of Time to File Motion for Discretionary Review Oct. 6, 1982.

---

Marvin P. Nunley, Owensboro, for appellant.

Cecil Davenport, Louisville, for appellees.

Before GUDGEL, COOPER and VANCE, JJ.

VANCE, Judge.

This is an appeal from a decision of the Hancock Circuit Court remanding the case to the Workers' Compensation Board. Appellant raises two grounds for error. We find the appeal to the Hancock Circuit Court from the Board's order was untimely and hereby reverse. The judgment of the Board was entered December 10, 1979. The appeal to the Hancock Circuit Court was filed April 29, 1980. This clearly exceeds the time limits of KRS 342.285.

Appellee argues, however, that he was protected by KRS 413.270, but we do not find this to be the case. The only case cited even considering this issue is *Clark v. Tecon Corp.*, Ky. 371 S.W.2d 861 (1963). This opinion did not decide whether the statute applied, but rather, assuming the statute applied, stated the following:

> Conceding that the remedial statute applies to a judicial proceeding for review of a final order of the Workmen's Compensation Board, in this case there was no proper showing in the Livingston Circuit Court of the facts or grounds for its application. A court, in determining legal questions, is limited to the consideration of the facts as pleaded. The facts relied on here were not alleged of record, and the court was not authorized to consider the attorney's brief or argument unsupported by the record and presented extrinsically.

KRS 413.270(1) states:

> If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

We find that the term "action" as used in this statute refers to the initiation

of a legal action and the statute does not govern a continuing step in an ongoing legal action such as an appeal. To rule otherwise would permit a party to extend the time for appeal to three or four times the normal time. Even if the statute did apply, however, the record is bare of any evidence that the circuit court was aware of the fact an appeal was filed in Jefferson Circuit Court or that the statute was being relied upon as a defense. On the record the appellant's motion to dismiss the appeal from the Board's order should have been granted and the circuit court was in error in failing to do so. Therefore, the decision of the circuit court is reversed and the case is remanded with directions to dismiss the appeal.

All concur.