**Ben W. JENT and James Hitchman, Appellants,**

v.

**COMMONWEALTH of Kentucky, NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellee.**

No. 92–SC–706–DG.

Supreme Court of Kentucky.

Sept. 30, 1993.

Julian M. Carroll, R. Hughes Walker, Frankfort, for appellants.

Donald S. Dott, Jr., Dept. of Law, Frankfort, for appellee.

SPAIN, Justice.

The appellants, Ben W. Jent and James Hitchman, d/b/a Petro Associates (Petro), were found guilty by final order of the Cabinet for Natural Resources and Environmental Protection (Cabinet) dated July 19, 1990, of violating several water quality standards regulations regarding its oil and gas operations in Muhlenberg County. Petro filed an action for review/appeal in the Muhlenberg Circuit Court on August 14, 1990. The action was subsequently dismissed on September 25, 1990, for lack of jurisdiction, pursuant to KRS 224.085 (since renumbered KRS 224.-10–470), which provides that "... [s]uch appeals shall be taken within thirty (30) days from the rendition of such order to the Franklin Circuit Court."

On October 15, 1990 (some 88 days following the entry of the Cabinet's final order), Petro filed a new action for review-appeal in the Franklin Circuit Court as required by the statute. Petro conceded that the filing of the action in the Franklin Circuit Court was considerably later than the thirty-day appeal time set by the statute referred to above; however, it argued that it should receive the benefit of the so-called "saving statute," KRS 413.270(1), which states:

> If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

The Franklin Circuit Court dismissed the action for lack of jurisdiction under the authority of the Court of Appeals case of *J.A. Jones Construction Co. v. Carrico*, Ky.App., 639 S.W.2d 377 (1982), which held that the term "action" used in KRS 413.270 did not apply to appeals, but only to the "initiation of a legal action."

The Court of Appeals affirmed, agreeing that the "saving statute" was inapplicable to actions by way of review/appeal and that, accordingly, when Petro did not file its appeal in the Franklin Circuit Court within thirty days after July 19, 1990, such an action was barred by limitations.

This Court granted review and we now reverse.

In ruling as set out above, the panel of the Court of Appeals in *Jones* also stated that even if the "saving statute" did apply to an appeal to a circuit court from a final order of the Workers' Compensation Board, in that case, the circuit court was not made aware of any such reliance nor even of the fact that an earlier action had been timely filed in another circuit. Accordingly, the decision was that the appeal should have been dismissed.

In this respect, the circumstances of the *Jones* appeal were quite similar to those set

out in the case of *Clark v. Tecon Corporation,* Ky., 371 S.W.2d 861 (1963), upon which the *Jones* panel relied. There the appellant from a Workers' Compensation Board decision filed a second action for review/appeal in the Livingston Circuit Court after an earlier action had been dismissed by the McCracken Circuit Court for want of jurisdiction. Nowhere in the Livingston Circuit petition had the appellant Clark pled the fact of the earlier action and dismissal in the McCracken Circuit, nor his reliance upon the provisions of KRS 413.270 as a "saving statute." The appellant Clark had not even responded to the appellee's motion to dismiss his appeal; rather, the matter was first raised in the appellant's brief.

Our Court affirmed the Livingston Circuit Court's dismissal under these circumstances, stating at page 862:

Conceding that the remedial statute applies to a judicial proceeding for review of a final order of the Workmen's Compensation Board, in this case there was no proper showing in the Livingston Circuit Court of the facts or grounds for its application. A court, in determining legal questions, is limited to the consideration of the facts as pleaded. The facts relied on here were not alleged of record, and the court was not authorized to consider the attorney's brief or argument unsupported by the record and presented extrinsically.

We do not read the concession quoted above to say, as the Court of Appeals panel interpreted it in *Jones, supra,* that the Court assumed, *for the purpose of argument only,* that the "saving statute" applies to an action to review a final order of the Workers' Compensation Board. Rather, we read the language as literally written; viz., that the Court conceded that the "saving statute" did so apply to actions to review final orders of administrative agencies. Such an interpretation is consistent with the Court's further holding that even so, in that case, the "saving statute" was not pled or properly relied upon, nor was evidence of the earlier filing submitted; consequently, the circuit court had no basis upon which to invoke it.

Further support for this view of the applicability of KRS 413.270 to actions for re-

view/appeal to the circuit court from administrative agencies appears in KRS 23A.010(4):

The Circuit Court may be authorized by law to review the actions or decisions of administrative agencies, special districts or boards. *Such review shall not constitute an appeal but an original action.* (Emphasis added.) (Enact. Acts 1976 (Ex. Sess.), Ch. 14 § 475, eff. Jan. 2, 1978.)

Both the Court of Appeals and this Court have called attention to the specific language of this statute in prior opinions. In *Adkins v. Commonwealth of Kentucky,* Ky.App., 614 S.W.2d 950 (1981), the Court of Appeals described the filing of a complaint for review/appeal from a decision of the Unemployment Insurance Commission by stating, "appellants then filed an original action in the Boyd Circuit Court, pursuant to KRS 341.-459, appealing the Commission's decision." *Id.* at 952.

Similarly, in *Transportation Cabinet v. City of Campbellsville,* Ky.App., 740 S.W.2d 162 (1987), the Court of Appeals, in referring to the petition on appeal in the Taylor Circuit Court from an order of the Secretary of the Natural Resources and Environmental Protection Cabinet, stated at page 164: "Under statute (KRS 23A.010(4)), an appeal to the circuit court from an order of an administrative agency is not a *true appeal* but rather an *original action.*" (Emphasis added.)

In support of the above statement, the Court of Appeals cited a case from this Court, *Sarver v. County of Allen, etc.,* Ky., 582 S.W.2d 40 (1979), wherein Chief Justice Palmore stated for a unanimous Court at page 43: ". . . a statutory 'appeal' to the circuit court from any agency or tribunal other than the district court is an original action and not an 'appeal.'"

Finally, several years before KRS 23A.010 was even enacted, in *Commonwealth of Kentucky, Department of Public Safety v. Nelson,* Ky., 435 S.W.2d 449 (1968), this Court recognized that the "saving statute" (KRS 413.270) was applicable in an administrative law case. There a motorist improperly obtained an injunction in the McCracken County Quarterly Court restraining the Department of Public Safety from suspending her

driver's license as threatened by written notification. By agreement of the parties, this action was dismissed for lack of jurisdiction and the motorist subsequently re-filed the action in the McCracken Circuit Court, which was the proper forum.

The decisions of the Court of Appeals and the Franklin Circuit Court are reversed, and the case is remanded to the Franklin Circuit Court for further proceedings in accordance herewith.

So much of the decision of the Court of Appeals in *J.A. Jones Construction v. Carrico, supra,* as is inconsistent with this opinion is reversed.

All concur.