Patricia HEADEN, Appellant,

v.

COMMONWEALTH of Kentucky; Kentucky Community and Technical College System; and Commonwealth of Kentucky, Board of Claims, Appellees.

No. 2001–CA–001760–MR.

Court of Appeals of Kentucky.

Sept. 20, 2002.

Randy A. Byrd, Cincinnati, OH, for appellant.

Stuart Cobb, Assistant Attorney General, Frankfort, KY, for appellee Kentucky Community and Technical College System.

Before BUCKINGHAM, HUDDLESTON and JOHNSON, Judges.

## OPINION

HUDDLESTON, Judge.

Patricia Headen appeals from a Franklin Circuit Court judgment that affirmed a Board of Claims' order dismissing as untimely filed Headen's claim for damages resulting from a personal injury sustained on the campus of Northern Kentucky Technical College (NKTC).

Headen asserts that on June 8, 1999, she slipped and fell on a recently-mopped floor. As a result of her fall, Headen allegedly sprained her ankle and continues to experience pain. On June 1, 2000, within one year following her fall, Headen filed a complaint in Kenton Circuit Court against the Commonwealth of Kentucky and the Kentucky Community and Technical College System (KCTCS) which operates NKTC. KCTCS moved to dismiss Headen's complaint on the ground that the Board of Claims has exclusive jurisdiction to hear negligence claims brought against the Commonwealth of Kentucky and its instrumentalities, including KCTCS.[1] The parties stipulated to a dismissal of the circuit court action on July 21, 2000.

Headen then filed a claim on the prescribed form with the Board of Claims on July 28, 2000. KCTCS filed an answer on September 22, 2000, in which it asserted that Headen's claim was filed more than one year after the cause of action accrued and thus is barred by the applicable statute of limitations, Kentucky Revised Statutes (KRS) 44.110(1).[2] When the Board dismissed Headen's claim as untimely filed, she appealed to Franklin Circuit Court as authorized by KRS 44.140(2). The circuit court agreed with the Board that Headen's claim was barred because it was filed too late and affirmed the Board's order dismissing it. In so doing, the circuit court rejected Headen's argument that she was entitled to invoke the so-called "savings statute," KRS 413.270, to salvage her claim because she had failed to plead it when her claim was pending before the Board of Claims. Headen followed by appealing to this Court.

KRS 413.270, the savings statute that Headen sought to invoke, provides that:

(1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

(2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or any of the United States of America.

The parties agree that if the savings statute does apply, Headen's claim was timely

---

1. See Ky.Rev.Stat. (KRS) 44.070 et seq.

2. KRS 44.010(1) provides that "[a]ll claims must be filed with the Board of Claims within one (1) year from the time the claim for relief accrued."

filed. Therefore, the issue we must address is whether Headen was required to plead the savings statute in the claim form she initially filed with the Board of Claims in order to invoke it.

As previously noted, KRS 44.110 mandates that "[a]ll claims must be filed with the Board of Claims within one (1) year from the time the claim for relief accrued." Headen's initial claim form contained neither the factual information necessary to make the Board aware of the errant filing in Kenton Circuit Court nor any reference to the savings statute. Based on the pleadings before it—Headen's claim and KCTCS's answer, the Board of Claims was confronted with a claim for an injury that occurred on June 8, 1999, the filing of a claim on July 28, 2000, and a statute of limitations that bars claims filed more than one year after the occurrence that gave rise to the claim. The Board did not set a hearing to consider KCTCS's statute of limitations defense nor did it notify the parties of its intent to rule on the defense; it simply dismissed Headen's claim as untimely filed.

The parties rely on three cases: *Clark v. Tecon Corporation*,[3] *J.A. Jones Construction Co. v. Carrico*[4] and *Jent v. Commonwealth, Natural Resources & Environmental Protection Cabinet*,[5] but interpret them differently. We begin with a brief review of each of these cases.

In *Clark*, a claimant seeking review of the denial by the Workmen's Compensation Board[6] of his claim for benefits appealed to Livingston Circuit Court.[7] Although the applicable statute provided that an appeal from a Board decision to the appropriate circuit court was to be taken within twenty days, the Livingston Circuit Court appeal was taken some 87 days after the Board rendered its decision. The employer, Tecon Construction, moved to dismiss the appeal as untimely. The claimant responded by filing a brief in which he asserted through his counsel that he had initially, but mistakenly, filed a timely appeal in McCracken Circuit Court, and he invoked the savings statute, KRS 413.270.

After Livingston Circuit Court dismissed his appeal, the claimant appealed to the former Court of Appeals, then Kentucky's highest court. That Court affirmed the dismissal of the claimant's appeal saying that it was doing so because "there was no proper showing in the Livingston Circuit Court of the facts or grounds for [the application of the savings statute]." The Court went on to say that in determining legal questions, the circuit court "is limited to the consideration of the facts as pleaded. The facts relied on here were not alleged of record, and the court was not authorized to consider the attorney's brief or argument unsupported by the record and presented extrinsically."[8]

In *J.A. Jones*, this Court held that a workers' compensation claimant had failed to timely appeal an adverse decision of the Board to the circuit court and thus his appeal should have been dismissed. The claimant attempted to invoke the savings statute to salvage his appeal, but this Court rejected the attempt saying that the statute "does not govern a continuing step in an ongoing legal action such as an ap-

---

3. Ky., 371 S.W.2d 861 (1963).

4. Ky.App., 639 S.W.2d 377 (1982).

5. Ky., 862 S.W.2d 318 (1993).

6. Now, the Workers' Compensation Board.

7. Appeals from decisions of the Workers' Compensation Board are no longer taken to the circuit court, but to the Court of Appeals.

8. *Clark, supra*, n. 3, at 862.

peal." [9] "Even if the statute did apply," the Court continued, "the record is bare of any evidence that the [Hancock Circuit Court] was aware of the fact an [apparently timely] appeal was filed in Jefferson Circuit Court [and had been dismissed for lack of jurisdiction] or that the [savings] statute was being relied on as a defense." [10]

In *Jent*, oil and gas operators filed in Muhlenberg Circuit Court an action (appeal) for review of a final order of the Cabinet for Natural Resources and Environmental Protection. After the action was dismissed for lack of jurisdiction, the operators filed a similar action in Franklin Circuit Court. The latter court dismissed the action as untimely, and this Court affirmed the dismissal. On discretionary review, the Supreme Court reversed. Kentucky's highest court said, contrary to what this Court had said in *J.A. Jones*, that the savings statute does apply when an appeal (which, under KRS 23A.010(4), is actually an original action, not an appeal) is filed in a circuit court that lacks jurisdiction to hear it and is later filed in the proper circuit court. [11] There is language in *Jent* which suggests that a litigant who wishes to invoke the savings statute must either plead it or "properly" rely on it or submit evidence of the previous timely filing. In interpreting its earlier decision in *Clark*, [12] the Court said:

Rather, we read the language [in *Clark*] as literally written; viz., that the Court conceded that the "savings statute" did so apply to actions to review final orders of administrative agencies. Such an interpretation is consistent with the Court's further holding that even so, in that case, the "savings statute" was not pled or properly relied upon, nor was evidence of the earlier filing submitted; consequently, the circuit court had no basis upon which to invoke it. [13]

Before we can answer the question presented by this appeal, we must turn to the procedural and evidentiary rules that govern actions filed in the Board of Claims. The Board's procedural rules are an amalgamation of rules unique to the Board and of the Kentucky Rules of Civil Procedure. [14] For instance, and relevant to this case, the Board has a prescribed form to be used in filing a claim, and its regulations spell out what information must be included in the form. According to 108 Kentucky Administrative Regulations (KAR) 1:010 § 2(2), in effect at the time Headen filed her claim:

Each claim shall contain the name and address of the claimant, the amount he is claiming and a statement of facts sufficiently clear to show that the claimant is entitled to relief under the provisions of KRS 44.070 and to enable the defendant to investigate the claim and prepare its defense. [15]

9.  *But see infra,* n. 11.

10.  *J.A. Jones, supra,* n. 4, at 379.

11.  *Jent, supra,* n. 5, at 320. The Supreme Court overruled so much of the decision in *J.A. Jones, supra,* n. 4, as was inconsistent with its holding in *Jent. Id.* at 321.

12.  *Supra,* n. 3.

13.  *Jent, supra,* n. 5, at 320.

14.  *See, e.g.,* 108 Ky.Adm.Reg. (KAR) 1:010 § 5 which adopts the discovery procedures contained in the Kentucky Rules of Civil Procedure.

15.  An amendment to 108 KAR 1:010 § 2(2), effective July 9, 2002, provides that:

Each claim shall contain the name and address of the claimant, the amount he is claiming and a statement of facts that allege negligence on the part of the Commonwealth that would survive a motion to dismiss or otherwise is sufficiently clear to show that the claimant is entitled to relief under the provisions of KRS 44.070 to

The claim form filed by Headen contained all of the then-required information.

■ The Board, as has been noted, has adopted some, but not all, of the Kentucky Rules of Civil Procedure (CR), and its regulations do not contemplate extensive pleadings. However, the agency against which a claim is asserted is authorized to file an answer asserting whatever defenses it may have to the claim. Although not specifically adopted by the Board, CR 8.03 identifies the statute of limitations as an affirmative defense that must be pled in an answer or raised in a motion to dismiss.[16]

■ KCTCS did that in this case, raising the statute of limitations defense in its answer. As the Board's then-existing regulations did not require the claimant Headen to initially negate a statute of limitations defense and since the statute was asserted by KCTCS as an affirmative defense in its answer, Headen was afforded no opportunity to present evidence by affidavit or otherwise that she had previously filed a timely circuit court action and was, therefore, entitled to invoke the savings statute. As the Franklin Circuit Court observed: "[Headen] did not receive notice of a hearing, and she was given no opportunity to respond [to the assertion that her claim was barred by the statute of limitations]."

We do not, as did the Board and the circuit court, read the cases cited above, *Clark*, *J.A. Jones* and *Jent*, to require that the claimant plead the savings statute in her initial claim form under the then-existing Board regulations. The Court in each of these cases points out that the savings statute and the facts supporting its application must be brought to the attention of the court by a pleading or other evidence of record. For example, in *Jent* the Supreme Court observed that in *Clark* it had held that the circuit court had no basis on which to invoke the savings statute because the statute was not "pled or properly relied upon, nor was evidence of the earlier filing submitted."[17] Each of these cases contemplates that a plaintiff (or a claimant) will be given an opportunity to raise the savings statute before the court (or Board) dismisses a case (or claim) as barred by the statute of limitations.

By failing to afford Headen an opportunity to respond to the statute of limitations defense asserted by KCTCS, the Board violated its own procedure. Essentially, the Board (and the circuit court) determined that Headen was required to plead the savings statute to obviate a statute of limitations defense in her initial claim form. However, the regulations promulgated by the Board require only a statement of facts sufficiently clear to raise a claim under the provisions of KRS 44.070.[18]

The Board "must be bound by the regulations it promulgates."[19] An administrative agency, the United States Supreme Court has said, is "bound to recognize the validity of the rule of conduct prescribed

---

44.165 and enable the defendant to investigate the claim and prepare its defense.

Under the new regulation, the claim presented must address KRS 44.110, the statute of limitations, as it is between KRS 44.070 and KRS 44.165. However, the pleading requirement at the time of Headen's filing only required a claimant to set forth sufficient information to show that she is entitled to relief under KRS 44.070.

**16.** If an affirmative defense is not raised in a responsive pleading or a motion to dismiss, it is waived. *Underwood v. Underwood*, Ky. App., 999 S.W.2d 716, 720 (1999).

**17.** *Jent, supra*, n. 5, at 320.

**18.** 108 Ky. Adm. Reg. (KAR), *supra*, n. 15.

**19.** *Hagan v. Farris*, Ky., 807 S.W.2d 488, 490 (1991).

by it, and not to repeal its own enactment with retroactive effect."[20] The U.S. Supreme Court has found improper an attempt by an administrative agency, while acting in a judicial capacity, to alter in the course of an adjudication a regulation that the same agency had promulgated through the quasi-legislative rule making process.[21] Neither can the Board of Claims alter its regulations through adjudication. Here the Board erred when it altered its own pleading requirements by dismissing Headen's claim without affording her an opportunity to respond to the statute of limitations defense asserted by KCTCS, and Franklin Circuit Court erred in affirming the Board's dismissal of Headen's claim.

The Board's order dismissing Headen's claim and the circuit court order affirming the dismissal are reversed and this claim is remanded to the Board with directions to afford Headen a reasonable opportunity to respond to the statute of limitations defense raised in the answer filed by KCTCS and for such further proceedings as may be appropriate.

ALL CONCUR.

**20.** *Arizona Grocery v. Atchison, Topeka & Santa Fe Railway Co.*, 284 U.S. 370, 389, 52 S.Ct. 183, 186, 76 L.Ed. 348, 356 (1932).

**21.** *Id.*