RENDERED: AUGUST 16, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

**DATE** 9/6/18 Kim Redmon, DC

2017-SC-000250-DG

PHYLLIS ROACH                                                      APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.        CASE NOS. 2015-CA-001595-MR AND 2015-CA-001994-MR
FRANKLIN CIRCUIT COURT NO. 15-CI-00067

KENTUCKY PAROLE BOARD                               APPELLEES
and JUSTICE & PUBLIC SAFETY.CABINET,
DEPARTMENT OF CORRECTIONS,
COMMONWEALTH OF KENTUCKY

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

### AFFIRMING

On January 14, 2002, facing indictments for eighteen (18) charges of sex crimes that allegedly occurred between 1987 and 1991, Appellant, Phyllis Roach, pled guilty to one count of sodomy in the second degree. On February 27, 2002, Roach was sentenced to ten years' imprisonment by the Meade Circuit Court, with a three-year conditional discharge period following her release pursuant to Kentucky Revised Statutes (KRS) 532.043. Roach was released on or about March 30, 2011 and began postincarceration supervision pursuant to KRS 532.043.

On July 19, 2011, Roach was charged with violating the terms of her postincarceration supervision. At her preliminary parole revocation hearing, Roach argued that the supervision statute did not apply to her because KRS 532.043 did not exist until July 15, 1998, at least seven years after she committed sodomy. Despite defense counsel's argument, the Administrative Law Judge ("ALJ") found that KRS 532.043 applied to Roach and found probable cause that Roach violated the terms of her supervision. The Parole Board adopted the ALJ's recommended order and sentenced Roach to serve the remainder of her conditional discharge period, fourteen months, incarcerated in the Kentucky Correctional Institution for Women in Shelby County.

After nine months of incarceration, Roach petitioned the Shelby Circuit Court for writ of *habeas corpus*. The Shelby Circuit found that the conditional discharge part of Roach's original sentence imposed by the Meade Circuit was *void ab initio*, as it was an *ex post facto* application of KRS 532.043 to Roach's crime. Accordingly, the court granted Roach's petition and ordered her release.

Thereafter, Roach filed a civil lawsuit against the Kentucky Parole Board in Franklin Circuit Court, seeking compensatory and punitive damages for her "wrongful incarceration." However, the Franklin Circuit Court found that the Kentucky Board of Claims had jurisdiction for civil claims against the Commonwealth, not the Franklin Circuit. So, the court dismissed Roach's claims and suggested she refile before the Board of Claims.

Roach then filed a complaint with the Board of Claims, which rejected her claims, asserting: (1) the Board of Claims does not have subject-matter

jurisdiction over intentional torts like "false imprisonment"; (2) the Parole Board did not have a duty to question and disobey the Meade Circuit and the ALJ's facially valid orders; and (3) if the Parole Board did have the duty to analyze the legality of such court orders, then that would be a discretionary act of the Parole Board, rather than ministerial.

Roach appealed the dismissal to the Franklin Circuit, which reversed the Board of Claims and found that the Parole Board was grossly negligent in applying an unconstitutional sentence. The Parole Board appealed to the Court of Appeals. The Court of Appeals reversed the Franklin Circuit, holding that the Parole Board's revocation hearing—a quasi-judicial function—was a discretionary act allotting the Parole Board absolute immunity from liability for its decisions whether to grant, deny, or revoke parole. The Court of Appeals held that the Board of Claims only has jurisdiction to award damages for "the negligent performance of ministerial acts," KRS 49.070(2) (formerly KRS 44.073(2)), rather than discretionary acts. It therefore held that the Board of Claims had properly dismissed Roach's suit. Roach appealed to this Court and we granted discretionary review.

**Analysis**

"[U]pon judicial review, deference extends to agency fact-finding. However, matters of law, including the interpretation and construction of statutes[,] are . . . within the province of the judicial branch of government." *Board of Educ. of Fayette Cnty. v. Hurley-Richards*, 396 S.W.3d 879, 882 (Ky. 2013). However, a reviewing court may reverse and remand the Parole Board's

3

order as to determinations of fact, in whole or in part, if it finds that the Parole Board's final order is: "(a) In violation of constitutional or statutory provisions; . . . (c) Without support of substantial evidence on the whole record; [or] (d) Arbitrary, capricious, or characterized by abuse of discretion . . . ." KRS 13B.150(2). Courts review agency determinations of law *de novo*. *Kentucky Occupational Safety and Health Review Comm'n v. Estill Cnty. Fiscal Court*, 503 S.W.3d 924, 927 (Ky. 2016).

### KRS 532.043

The parties agree that Roach was improperly subjected to three years of sex offender conditional discharge requirements under KRS 532.043 by the Meade Circuit Court's order, because that statute was not in effect until July 15, 1998, which was at least seven years after her offense. Although former KRS 532.043(6) stated that it applied to those who plead or were convicted after July 15, 1998, such a rule is an unconstitutional *ex post facto* application under both the federal constitution and this Commonwealth's constitution, which "aggravates or increases the punishment for a crime as compared to the punishment when the crime was committed . . . ." *Buck v. Commonwealth*, 308 S.W.3d 661, 664 (Ky. 2010) (citing *Purvis v. Commonwealth*, 14 S.W.3d 21, 23 (Ky. 2000)); U.S. Const. art. I, § 10, cl. 1; Ky. Const. § 19(1). Thus, it was improper for the Meade Circuit Court to subject Roach to the postincarceration supervision requirements of KRS 532.043 and to require the Parole Board to punish Roach for violation of said requirements pursuant to KRS 439.330(1)(e). Therefore, the Shelby Circuit Court properly granted Roach's habeas petition,

4

because the Meade Circuit Court's order had erroneously imposed KRS 532.043 postincarceration requirements upon Roach.

### *Discretionary or Ministerial Act?*

"Whether fault can be apportioned against someone with absolute immunity from liability is determined by construing the [applicable] statute." *Jefferson Cnty. Com. Attorney's Office v. Kaplan*, 65 S.W.3d 916, 922 (Ky. 2001). While KRS 49.070(2) specifically abrogates sovereign immunity for ministerial acts, this Court has recognized that, "[b]y implication, the negligent performance of non-ministerial, i.e., discretionary, acts cannot be a basis for recovery under the [Board of Claims] Act." *Collins v. Commonwealth of Ky. Nat. Res. & Envtl. Prot. Cabinet*, 10 S.W.3d 122, 125 (Ky. 1999). "In determining whether acts are ministerial or discretionary for purposes of determining whether the Commonwealth or one of its agencies may be held liable for negligent performance of that act, 'it is necessary to determine whether the acts involve policy-making decisions and significant judgment, or are merely routine duties.'" *Commonwealth Transp. Cabinet, Dep't of Highways v. Sexton*, 256 S.W.3d 29, 32 (Ky. 2008) (internal citation omitted).

Similarly, the Sixth Circuit Court of Appeals has recognized that "the absolute immunity that protects judicial officers engaged in judicial functions also protects other state officials engaged in adjudicative functions." *Draine v. Leavy*, 504 Fed.Appx. 494, 495 (6th Cir. 2012) (*quoting Dean v. Byerley*, 354 F.3d 540, 555 (6th Cir. 2004)). For this reason, "'parole board members are absolutely immune from liability for their conduct in individual parole

5

decisions when they are exercising their decision making powers . . . .'" *Draine*, 504 Fed.Appx. at 496 (*quoting Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)). Thus, if the Parole Board's decision whether Roach violated the terms of postincarceration supervision was an adjudicatory function, then the Board and its members are absolutely immune.

Roach argues that the Board's determination that Roach was subject to KRS 542.043 was simply a ministerial duty involving decisions of fact, and not one involving significant judgment. We disagree. Rather, the Board, presented with the facts of Roach's case, was duty-bound to determine whether she was subject to KRS 542.043 and whether she had violated its requirements. Holding a hearing on a parole or postincarceration violation charge is inherently an adjudicatory action. *See* BLACK'S LAW DICTIONARY 42 (6th ed. 1990) ("Adjudicatory action—Administrative actions are 'adjudicatory' in character when they culminate in final determination affecting personal or property rights."). Moreover, it is important to clarify that judicial functions are inherently discretionary in nature. "[A]t their core, discretionary acts are those involving quasi-judicial or policy-making decisions." *Marson v. Thomason*, 438 S.W.3d 292, 297 (Ky. 2014).

"Quasi–Judicial" is "[a] term applied to the action, discretion, etc. of public administrative officers or bodies, who are required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for their official action, and exercise discretion of a judicial nature." *Bolden v. City of Covington*, 803 S.W.2d 577,

6

581 (Ky. 1991) (*quoting* BLACK'S LAW DICTIONARY 1245 (6th ed. 1990)). An agency's "quasi-judicial power" refers to "[t]he power of an administrative agency to adjudicate the rights of persons before it." *Id.* Thus, we find that the Board's adjudication of Roach's rights as to whether she violated the postincarceration release requirements of KRS 542.043 was a quasi-adjudicative function, and therefore a discretionary act. Because we conclude that the act involved here was discretionary, KRS 49.070(2) did not abrogate the Board's absolute immunity.

### Conclusion

For the reasons stated herein, we hereby affirm the decision of the Court of Appeals, but for alternative reasoning. We hold that the Parole Board's revocation hearing was an adjudicative function, a discretionary act for which the Parole Board enjoys absolute immunity.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Oliver H. Barber, Jr.
Thomas James Banaszynski
BARBER, BANASZYNSKI & HIATT, P.S.C.

COUNSEL FOR APPELLEES:

Allison Rene Brown
Department of Corrections