RENDERED: DECEMBER 17, 2020
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0503-TG

MARK SMITH AND CHINENA SMITH                        APPELLANTS

ON TRANSFER FROM COURT OF APPEALS
V.                         NO. 2019-CA-1237
FAYETTE CIRCUIT COURT NOS. 19-CI-00201 & 19-CI-00251

WYNETTA FLETCHER, APRN; AMJAD                APPELLEES
BUKHARI, M.D.; JAMES DETHERAGE,
M.D.; HEALTH PLUS, PSC; KENTUCKYONE
HEALTH MEDICAL GROUP, INC. D/B/A
KENTUCKYONE HEALTH NEUROLOGY
ASSOCIATES; KENTUCKYONE HEALTH,
INC.; AND KING'S DAUGHTERS HEALTH
SYSTEM, INC.

**OPINION OF THE COURT BY JUSTICE KELLER**

**<u>AFFIRMING IN PART, REVERSING IN PART, AND REMANDING</u>**

Mark and Chinena Smith filed a complaint against Advanced Practice

Registered Nurse Wynetta Fletcher, Dr. Amjad Bukhari, and Dr. James

Detherage under the Kentucky Medical Review Panel Act ("MRPA"), Kentucky

Revised Statutes ("KRS") 216C.005, *et seq., declared unconstitutional by*

*Commonwealth v. Claycomb*, 566 S.W.3d 202 (Ky. 2018).[1] After the claims worked their way through the panel process, the Smiths filed a complaint in Fayette Circuit Court against Nurse Fletcher, Drs. Bukhari and Detherage, and the entities that allegedly employed them. Subsequent to the filing of the Smiths' complaint in circuit court, this Court's decision in *Claycomb*, wherein we declared the MRPA unconstitutional, was finalized. The defendants then moved the circuit court to dismiss the Smiths' complaint as violative of the statute of limitations. The trial court found the complaint to be untimely and dismissed the case. The Smiths appealed, and we accepted transfer of the case from the Court of Appeals. After a thorough review of the facts and applicable law, we affirm the trial court in part, reverse the trial court in part, and remand for proceedings consistent with this opinion.

## I.  BACKGROUND

Kentucky's Medical Review Panel Act ("MRPA"), Kentucky Revised Statutes ("KRS") 216C.005, *et seq.*, went into effect on June 29, 2017. It required potential litigants to file any "malpractice and malpractice-related claims against a health care provider, other than claims validly agreed for submission to a binding arbitration procedure" with a medical review panel prior to filing suit in circuit court. Once the claimant filed his or her proposed complaint with the medical review panel, the applicable statute of limitations

---

[1] The entire Medical Review Panel Act was declared unconstitutional by *Claycomb*. We will not reference this subsequent history with every statutory citation to the MRPA.

was tolled "until ninety (90) days after the claimant has received the opinion of the medical review panel." KRS 216C.040.

On June 29, 2017, an action was filed in Franklin Circuit Court challenging the validity of the MRPA. In that case, *Claycomb v. Commonwealth*, Civil Action No. 17-CI-00708, the plaintiffs sought a declaratory judgment that the MRPA was unconstitutional, as well as temporary and permanent injunctive relief to prohibit the Cabinet for Health and Family Services (hereinafter, "the Cabinet") from enforcing the MRPA. The circuit court issued its opinion on October 30, 2017. In that decision, the court found the MRPA to be unconstitutional and permanently enjoined the Cabinet from enforcing the MRPA. By separate order, the court also granted the plaintiffs' motion for class certification and certified the class for declaratory and injunctive relief purposes. The class included "all persons who presently or prospectively have 'malpractice' or 'malpractice-related' claims against a 'health care provider' subject to" the MRPA.

On November 1, 2017, the Cabinet filed (1) a Notice of Appeal and (2) an independent motion for emergency relief from the Court of Appeals under Kentucky Rule of Civil Procedure ("CR") CR 65.08. In the CR 65.08 motion, the Cabinet sought emergency relief to stay the permanent injunction, claiming that the injunction "jeopardizes the timeliness of the claims that are currently pending before the medical review panels."

The Court of Appeals granted the requested emergency relief on November 9, 2017, thereby staying the circuit court's injunction. In its Order

3

Granting Emergency Relief, the Court of Appeals noted that eighty-nine cases were, at that time, pending before the Cabinet pursuant to the MRPA. The court concluded that "no provision was undertaken to avoid the fatal effect of limitations statutes on the claims of persons who, in obedience to the Act, failed to timely file a lawsuit in court." As a result, the Court of Appeals stayed the circuit court's injunction "until further order of this Court." In other words, the Cabinet was no longer enjoined from enforcing the MRPA, and potential medical malpractice claimants were still required to proceed through the medical review panel process.

Meanwhile, in Franklin Circuit Court, the class members filed a Motion to Modify Injunctive Relief. On November 22, 2017, the Franklin Circuit Court entered an order holding that motion in abeyance "pending a final ruling of the appellate courts on the Defendants [sic] motion under CR 65.08." In that order, the court addressed the Court of Appeals' concerns about the statute of limitations. That court specifically referenced KRS 413.270, suggesting that this "savings statute" provided claimants ninety days from the date that the MRPA is declared unconstitutional to file in circuit court.

On December 6, 2017, this Court granted transfer of the Cabinet's appeal. The parties briefed the constitutional issues but did not challenge class certification or the Court of Appeals' Order Granting Emergency Relief. The members of the class, however, briefed the statute of limitations issue and "request[ed] guidance for the bench and bar regarding the applicability of the

4

saving statute and/or equitable tolling principles for MRP claims filed with the Cabinet that should now proceed to court."

On November 15, 2018, this Court issued its opinion in *Commonwealth v. Claycomb*, 566 S.W.3d 202 (Ky. 2018), in which we held that the MRPA was unconstitutional. We did not address the statute of limitations or tolling issues. The class members then filed a Petition for Modification and/or Extension pursuant to CR 76.32, asking this Court to address the statute of limitations issues. In doing so, the class members asked the Court to consider the MRPA's tolling provisions, Kentucky's savings statute, and equitable tolling principles. We denied that petition on February 14, 2019, and *Claycomb* became final on that day.

Meanwhile, on February 8, 2018, while *Claycomb* was pending in this Court, Mark and Chinena Smith filed their medical malpractice claims with the Cabinet's Medical Review Panel Branch, as required by KRS 216C.020. The filing of their claim with the medical review panel served to toll the applicable statute of limitations on their claims. *See* KRS 216C.040(1). They alleged claims against Advanced Practice Registered Nurse Wynetta Fletcher, Dr. James Detherage, and Dr. Amjad Bukhari. Under the MRPA, their complaint tolled the applicable statute of limitations, which would have otherwise expired on or about April 12, 2018. *See* KRS 216C.040(1). At the time these claims were filed, the Court of Appeals had issued its order staying the circuit court injunction in the *Claycomb* matter, but we had not yet ruled on the Cabinet's appeal.

5

The Smiths' case was presented to a medical review panel, which issued its opinion on October 29, 2018. Under KRS 216C.040(1), the applicable statute of limitations on the Smiths' claim continued to be tolled until ninety days after receipt of that decision. The Smiths then filed suit in Fayette Circuit Court on January 18, 2019, within the ninety-day window and prior to *Claycomb* becoming final on February 14, 2019. In circuit court, they alleged claims not only against Nurse Fletcher, Dr. Detherage, and Dr. Bukhari, but also against Health Plus, PSC, King's Daughters Health System, Inc., KentuckyOne Health Medical Group, Inc., and KentuckyOne Health, Inc. under a theory of vicarious liability.

After *Claycomb* became final, the defendants filed motions to dismiss alleging that the Smiths' one-year statute of limitations under KRS 413.140(1) ran on April 12, 2018, at the latest. They argued that this Court's decision in *Claycomb* declared the MRPA unconstitutional as a whole and therefore void *ab initio*. As such, the Smiths could not rely on the tolling provision of the MRPA to extend the deadline by which they had to file their complaint. The defendants further argued that by denying the *Claycomb* class's petition for an extension or modification of its opinion in that case, we rejected the class's arguments that equitable tolling or a savings statute could be applied to toll any expired statute of limitations for claimants who participated in the medical review panel process.

In response to the defendants' motions to dismiss, the Smiths made five primary arguments. First, they argued that, despite our decision in *Claycomb*,

6

KRS 216C.040(1) still tolled the statute of limitations on their claims because *Claycomb* did not apply retroactively. Second, the Smiths argued that KRS 413.270, Kentucky's Savings Statute, acted to toll the statute of limitations. Third, they argued equitable tolling. Fourth, the Smiths made various equitable estoppel arguments. Finally, they argued that if the statute of limitations on their claims was not tolled for any other reason, then KRS 413.140, which supplies the one-year statute of limitations for medical malpractice claims, was unconstitutional as applied to their case.

After briefing and argument by both sides, the circuit court dismissed the suit as untimely. In its July 18, 2019, order, the court explained that the MRPA had been declared unconstitutional and therefore void from the date of its enactment. As a result, its tolling provision, KRS 216C.040, could not apply. "In other words," the court explained, "although the MRPA might have been in effect when the case was filed on January 18, 2019 (rendering Plaintiffs' lawsuit timely pursuant to KRS 216C.040), the MRPA was void *ab initio* on February 14, 2019 (prohibiting Plaintiffs from relying on KRS 216C.040)."

The trial court also considered the application of our savings statute, KRS 413.270, which applies to "all courts, commissions, and boards which are judicial or quasi-judicial tribunals." However, the court concluded that medical review panels are *not* quasi-judicial because they do not adjudicate the claimant's rights. For support, the court cited *Claycomb*, in which we stated that a medical review panel "does not engage in any adjudication of a claimant's claim. Rather, the entire purpose and function of the panel is to

7

generate an opinion about the merits of the claim, an opinion that may or may not have any evidentiary usefulness in a court of law." 566 S.W.3d at 205.

Lastly, the trial court declined to extend the limitations period under the equitable tolling doctrine. While the court found that the Smiths had diligently pursued their rights by filing their claims under the MRPA, it noted that they could have filed their claim in Fayette Circuit Court on October 30, 2018, the day after the medical review panel issued its decision in their case. Instead, the Smiths waited until January 18, 2019, and the trial court found "no impediment to initiating a circuit court action" prior to that date.

The trial court also addressed certain constitutional arguments made by the Smiths. First, the Smiths claimed that the one-year statute of limitations of KRS 413.140(1)(e) would be unconstitutional in this case because it would violate Kentucky's equal protection clause by creating two classes of persons that are subject to it: those who complied with KRS 216C and filed a complaint with the Cabinet and those who filed a lawsuit in violation of the terms of KRS 216C. The trial court disagreed, noting that any person with a medical negligence claim could belong to both classes by complying with the MRPA and then timely filing a civil action.

Next, the Smiths argued that the one-year limitations period violated their due process and jural rights because, as applied in this case, it "totally eliminate[d]" the Smiths' ability to seek redress in court. The trial court disagreed, noting that the Smiths could have timely filed their civil action on

8

October 30, 2018, immediately after the medical review panel rendered its decision.

The Smiths then appealed to the Court of Appeals and filed a motion to transfer the appeal to this Court. We granted the Smiths' transfer motion.

On appeal to this Court, the Smiths make many of the same arguments they made to the circuit court. First, they argue that they are entitled to rely on the tolling provision in KRS 216C.040 for four different reasons. The first reason they argue is that the Court of Appeals' November 9, 2017, emergency order in the *Claycomb* matter protected their tolling rights under KRS 216C.040. That emergency order stayed the injunction issued by the Franklin Circuit Court in the *Claycomb* case "until further order of this Court," meaning the Court of Appeals. As a result, the Franklin Circuit Court's injunction which prohibited enforcement of the MRPA was no longer effective. Neither party ever challenged that emergency order, and after this Court's *Claycomb* decision became final, no party sought to set aside the Court of Appeals' emergency order. The Smiths argue that order then became the law of the case and KRS 216C.040 remains effective for the *Claycomb* class members, including themselves. Second, the Smiths argue their KRS 216C.040 tolling rights are independently protected by KRS 413.260, as KRS 413.260 acts to toll their claims for as long as the Court of Appeals' November 9, 2017 emergency order

9

is in effect.[2] Third, the Smiths argue their KRS 216C.040 tolling rights are independently protected by KRS 413.265 which allows parties to enter into written agreements to extend limitations periods. The Smiths argue their written complaint to the medical review panel and the defendants' written responses were sufficient to bind the parties to the tolling provision in KRS 216C.040. Finally, the Smiths argue this Court has inherent power to protect their KRS 216C.040 tolling rights by choosing to apply *Claycomb* prospectively only.

The Smiths' next argument to this Court is that KRS 413.270, Kentucky's Savings Statute, saves their claim. They argue that the medical review panel rendered its opinion in their case on October 29, 2018, and pursuant to KRS 216C.040, a panel loses jurisdiction over a matter after it renders an opinion. The Smiths argue, under KRS 413.270, they had ninety days from October 29, 2018 to file a circuit court action, and they did so. Alternatively, the Smiths argue that the *Claycomb* opinion divested all medical review panels of jurisdiction effective on February 14, 2019, the day on which *Claycomb* became final. Under this theory, they had ninety days after February 14, 2019 to file their complaint in circuit court. Under either theory, KRS 413.270 saved their claims.

---

[2] We note that this argument was not presented to the trial court. As such, despite its potential relevance to and impact on the issue before us, the argument was not properly preserved, and we decline to address it.

10

Next, the Smiths argue that both equitable tolling and equitable estoppel save their claims. The Smiths argue that under these doctrines, an equitable result would be to either toll the limitations period for ninety days from the receipt of a review panel decision, or if no panel decision is rendered, to toll the limitations period for at least ninety days from *Claycomb*'s finality date. Both of these remedies would save their claims.

Finally, the Smiths make several as applied constitutional arguments. Specifically, they argue that if no other statute, doctrine, or caselaw acts to toll the running of the statute of limitations on their claims, that statute of limitations is unconstitutional as applied to them as violative of their due process and equal protection rights, the jural rights doctrine, and the prohibition on special legislation.

The defendants also reassert their arguments from the circuit court, including that *Claycomb* rendered the MRPA void *ab initio* and that none of Kentucky's tolling provisions acted to toll the Smiths' claims. In addition, they argue that if this Court reverses the trial court's judgment as to the claims against the individual medical providers, the portion of the judgment dismissing the claims against the entity defendants should be affirmed, as those defendants were not named in the Smiths' complaint to the medical review panel. We will discuss the parties' arguments in more detail as necessary for our analysis.

## II. STANDARD OF REVIEW

This Court has long held that "[w]here the pertinent facts are not in dispute, the validity of the defense of the statute of limitations can and should be determined by the court as a matter of law." *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 572–73 (Ky. 2009) (quoting *Lynn Min. Co. v. Kelly,* 394 S.W.2d 755, 759 (Ky. 1965)). In this case, "there is no dispute concerning the operative facts concerning the time elements involved." *Louisville Trust Co. v. Johns–Manville Prods.*, 580 S.W.2d 497, 501 (Ky. 1979). Therefore, our review is of a question of law, and we review questions of law de novo. *Community Financial Servs. Bank v. Stamper,* 586 S.W.3d 737, 741 (Ky. 2019).

## III.   ANALYSIS

This Court need not address the parties' arguments in the order in which they were presented to us. Because application of KRS 413.270 is determinative in this case, we will begin our analysis there.

KRS 413.270 states as follows:

(1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.

(2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.

12

At the outset, we recognize that KRS 413.270 is remedial in nature. *See Jent v. Com., Natural Res. and Envtl. Prot. Cabinet*, 862 S.W.2d 318, 320 (Ky. 1993) (quoting *Clark v. Tecon Corp.*, 371 S.W.2d 861, 862 (Ky. 1963)). The intention of the statute "is to enable a litigant in such a situation to obtain a trial on the merits and not to penalize it for filing its original action in a court of the wrong venue." *D. & J. Leasing, Inc. v. Hercules Galion Products, Inc.*, 429 S.W.2d 854, 856 (Ky. 1968).

The defendants argue that KRS 413.270 is not applicable in this case for two primary reasons. First, they argue that medical review panels were not "courts" as defined by the statute. Second, they argue that the medical review panel was never adjudged to have lacked jurisdiction over the Smiths' claims.

The defendants argue that the medical review panel is not a "court" as defined by the statute because it is neither "quasi-judicial" nor is it a "tribunal." In arguing that a medical review panel is not quasi-judicial, the defendants cite to this Court's decision in *Roach v. Kentucky Parole Board*, 553 S.W.3d 791 (Ky. 2018). In *Roach*, we were asked to determine whether the Parole Board was immune from liability for erroneously revoking Roach's postincarceration supervision. *Id.* at 793. The Parole Board would be immune if the actions it took were discretionary as opposed to ministerial in nature. *Id.* at 794. We stated that "if the Parole Board's decision whether Roach violated the terms of postincarceration supervision was an adjudicatory function, then the Board and its members are absolutely immune." *Id.* We concluded that "[h]olding a hearing on a parole or postincarceration violation charge is

13

inherently an adjudicatory action" and that "judicial functions are inherently discretionary in nature." *Id.* Next, we stated that "discretionary acts are those involving quasi-judicial or policy-making decisions." *Id.* (quoting *Marson v. Thomason,* 438 S.W.3d 292, 297 (Ky. 2014)). Finally, we defined "quasi-judicial" as "[a] term applied to the action, discretion, etc. of public administrative officers or bodies, who are required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for their official action, and exercise discretion of a judicial nature" and "quasi-judicial power" as "[t]he power of an administrative agency to adjudicate the rights of persons before it." *Id.*

The defendants argue that a medical review panel did not have the ability to adjudicate anything and therefore could not be quasi-judicial. For support, the defendants cite to our opinion in *Claycomb* where we stated that the MRPA violated Section 14 of Kentucky's Constitution because "*no adjudication whatsoever* takes place of a medical-malpractice claimant's claim unless a valid agreement has been made to arbitrate or bypass the panel process." 566 S.W.3d at 213 (emphasis in original).

Although the panels are not adjudicative, adjudication is not the sole measure of whether an administrative body is quasi-judicial. It is not so much about the outcome or end result of the actions, but rather what actions were taken and how that outcome was reached. In determining whether actions of a governmental agency are quasi-judicial in nature, we must look at whether the agency's action required the use of discretion and whether the agency was

14

"required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for [its] official action." *Roach*, 553 S.W.3d at 794. This is exactly what medical review panels did.

Medical review panels were tasked with reviewing evidence submitted by the parties, including "nonprivileged medical records, X-rays, lab tests, excerpts of treatises, depositions of witnesses including parties, and affidavits." KRS 216C.160(2). They had the power to "issue administrative subpoenas and subpoenas duces tecum in aid of the taking of depositions and the production of documentary evidence for inspection or copying, or both." KRS 216C.160(4). Further, KRS 216C.170(2) bestowed the following rights on medical review panels:

> (a) The panel has the right and duty to request all necessary and relevant information.
> (b) The panel may consult with medical authorities.
> (c) The panel may examine reports of other health care providers necessary to fully inform the panel regarding the issue to be decided.
> (d) All parties shall have full access to any material submitted to the panel.
> (e) The panel may conduct a hearing to question counsel or ask the parties to answer specific questions.

Finally, after reviewing all of the evidence,

> [t]he panel has the sole duty to express the panel's opinion as to whether or not the evidence supports the conclusion that a defendant or defendants acted or failed to act within the appropriate standards of care as charged in the complaint and whether any such failure was a substantial factor in providing a negative outcome for that patient.

KRS 216C.180(1). The panel's opinion was its final action, and after it gave its opinion as to each defendant, "the panel is dissolved and shall take no further action." KRS 216C.180(4).

It is clear that the medical review panels investigated facts and weighed evidence. They were permitted to hold hearings and subpoena witnesses. Panel members used their discretion in reaching a conclusion, and their final official action was the issuance of an opinion. As such, we conclude that medical review panels were quasi-judicial in nature.

The defendants next argue that medical review panels were not tribunals, as they were not "a court or other adjudicatory body." *Hilltop Basic Resources, Inc. v. County of Boone*, 180 S.W.3d 464, 468 (Ky. 2005) (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)). Again, the defendants focus their argument too much on the lack of a final adjudication from the medical review panel. Although Black's Law Dictionary still defines "tribunal" as "a court or other adjudicatory body," it also defines "administrative tribunal." One definition of "administrative tribunal" is "an administrative agency exercising a quasi-judicial function." BLACK'S LAW DICTIONARY (11th ed. 2019). Under this definition, we are again called upon to define "quasi-judicial function," and again define it in such a way as to include medical review panels, for all the reasons previously stated.

Finally, the defendants argue that the Smiths' claims were not dismissed for lack of jurisdiction as required by KRS 413.270. The defendants acknowledge, however, that this Court has previously extended KRS 413.270 to

16

apply to claims that are dismissed for improper venue or *forum non conveniens.* *See Dollar General Stores, Ltd. v. Smith,* 237 S.W.3d 162, 164 (Ky. 2007). We have also applied KRS 413.270 to original actions seeking judicial review of a final order of an administrative agency. *Cherry v. Augustus,* 245 S.W.3d 766, 775 (Ky. App. 2006) (citing *Jent,* 862 S.W.2d at 320-21). However, the defendants argue that none of these extensions apply.

We have frequently acknowledged that "the term *jurisdiction* is often 'more easily used than understood.'" *Davis v. Wingate,* 437 S.W.3d 720, 725 (Ky. 2014) (quoting *Duncan v. O'Nan,* 451 S.W.2d 626, 631 (Ky.1970)). Jurisdiction relates to the power a court has to hear a certain case or kind of case, and a court acts outside of its jurisdiction "where [it] has not been given, by constitutional provision or statute, the power to do anything at all." *Id.* (quoting *Daugherty v. Telek,* 366 S.W.3d 463, 467 (Ky. 2012)).

In this case, the MRPA bestowed power on the medical review panels to "hear cases" in that, as noted above, the panels were empowered to review evidence, subpoena witnesses and documents, and conduct hearings at which panel members could question the parties and their attorneys. After reviewing the evidence, the panels had the duty to issue opinions. A medical malpractice claimant was required to proceed through the medical review panel process before he or she could file a claim in an appropriate circuit court. In that sense, the medical review panels had "jurisdiction" to hear a medical malpractice case prior to any other court obtaining jurisdiction. However, when the MRPA was struck down as unconstitutional in *Claycomb,* the medical review panels no

17

longer had jurisdiction over medical malpractice claims to prevent their filing in circuit court, as they no longer had "power to do anything at all." *Id.*

We believe the above interpretation of KRS 413.270 is consistent with its remedial nature and its intention to allow parties to obtain a trial on the merits despite some kind of mistake in location of filing. *See Jent,* 862 S.W.2d at 320; *D. & J. Leasing, Inc.*, 429 S.W.2d at 856. We find this particularly true in this case where the "mistake of location" was one created by statute and the plaintiff's proper reliance on the statute and was not created by the plaintiff's own error. It is also consistent with the overarching purpose behind statutes of limitations. "Statutes of limitations 'promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *CTS Corp. v. Waldburger*, 573 U.S. 1, 8–9 (2014) (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–349 (1944)). In a case such as this, no surprise or injustice is created by a holding that the Smiths' claims were timely filed in circuit court. These claims were litigated and defended during the medical review panel process. The defendants knew the nature of the claims and the facts underlying those claims; these claims were not left to "slumber" in a manner that placed the defendants' ability to defend the claims against them at risk.

Having determined that KRS 413.270 applies to the Smiths' claims, we must determine when the ninety days permitted under the statute began to run, as "the plaintiff or his representative may, within ninety (90) days from the

18

time of that judgment, commence a new action in the proper court." We have previously held that the judgment referred to in this statute

> is the decision which finally determines the disputed issue over the court's jurisdiction—the trial court's judgment if there is no appeal, but the appellate court's ruling if there is an appeal. This view is consistent with the prime purpose of the statute—to afford a full opportunity for a hearing on the merits.

*Ockerman v. Wise*, 274 S.W.2d 385, 388 (Ky. 1954). In this case, the MRPA was struck down as unconstitutional when we rendered *Claycomb* on November 15, 2018. That opinion, however, was not finalized until this Court denied the *Claycomb* class's petition for modification or extension on February 14, 2019.[3] As such, the 90-day period permitted under KRS 413.270 did not begin to run until February 14, 2019. The Smiths filed their complaint in Fayette Circuit Court on January 18, 2019. Accordingly, their complaint was timely filed, and the circuit court erred in dismissing it as untimely.

Because we have held that the Smiths' claims were filed timely under KRS 413.270, we need not address whether any other statute or equitable principle saved their claims. However, the defendants urge this Court to affirm the trial court's dismissal of the claims against the entity defendants even if we reverse the dismissal of the claims against the individual healthcare providers. We will do so, as KRS 413.270 only saves those claims that were filed with the

---

[3] The *Claycomb* class's petition for modification or extension urged this Court to predetermine how our decision in *Claycomb* would impact the running of the statute of limitations for plaintiffs who had filed complaints with the medical review panel. Having had no particular defendants in front of us to argue the merits of that issue, we declined to address it. Our denial of that petition was not a decision on the merits of the issues presented in the petition. The defendants' argument that our denial of the petition was an effective ruling on the merits is inaccurate.

19

medical review panel. The Smiths only filed claims against Nurse Fletcher, Dr. Detherage, and Dr. Bukhari under the MRPA. They did not file claims against the entity defendants, namely Health Plus, PSC, King's Daughters Health System, Inc., KentuckyOne Health Medical Group, Inc., and KentuckyOne Health, Inc., until they filed a complaint in circuit court. As such, the claims against those entity defendants were untimely filed, and because no other statute or principle tolls the limitations period as to these defendants, we affirm their dismissal.

## IV. CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's dismissal of the claims against Health Plus, PSC, King's Daughters Health System, Inc., KentuckyOne Health Medical Group, Inc., and KentuckyOne Health, Inc. We reverse the Fayette Circuit Court's dismissal of the claims against Advanced Practice Registered Nurse Wynetta Fletcher, Dr. James Detherage, and Dr. Amjad Bukhari and remand to the circuit court for further proceedings consistent with this opinion.

Minton, C.J.; Hughes, Keller, Lambert, Nickell and Wright, JJ., sitting. All concur. VanMeter, J., not sitting.

COUNSEL FOR APPELLANTS:

Kevin Crosby Burke
Jamie Kristin Neal
Burke Neal PLLC

Kevin B. Sciantarelli
Sciantarelli Law Firm


COUNSEL FOR APPELLEES, WYNETTA FLETCHER, APRN; JAMES
DETHERAGE, M.D.; HEALTH PLUS, PSC; AND KING'S DAUGHTERS HEALTH
SYSTEM, INC.:

Joshua F. Barnette
Bethany A. Breetz
Robin Elaine McGuffin
Ashley Willis Ward
Stites & Harbison, PLLC

COUNSEL FOR APPELLEES, AMJAD BURKHARI, M.D.; KENTUCKYONE
HEALTH MEDICAL GROUP, INC. D/B/A KENTUCKYONE HEALTH
NEUROLOGY ASSOCIATES; AND KENTUCKYONE HEALTH, INC.:

Jeffrey Todd Barnett
Holly Renee Iaccarino
Jessie Leigh Mullaney
Barnett Benvenuti & Butler PLLC