RENDERED: MAY 13, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1113-MR

CRAIG SNOWDEN                                                          APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 19-CI-00454

KEVIN SNYDER ART, M.D.; SAINT
JOSEPH UROLOGY ASSOCIATES;
AND KENTUCKYONE HEALTH
MEDICAL GROUP, INC.

APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Craig Snowden has appealed from the June 25, 2019,

opinion and order of the Fayette Circuit Court dismissing his medical negligence

claim pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 on statute of

limitations grounds. The circuit court held that the statute of limitations was not

tolled by 1) Kentucky Revised Statutes (KRS) 216C.040, the tolling provision in the Medical Review Panel Act (the MRP Act), which has now been declared unconstitutional and repealed; 2) KRS 413.270, Kentucky's savings statute; or 3) the doctrine of equitable tolling. We reverse.

Because this appeal concerns, in part, the application of the MRP Act, it will be useful to discuss that legislative enactment and the ensuing litigation that ultimately resulted in a declaration that it was unconstitutional. The MRP Act, KRS 216C.005 *et seq*., became effective June 29, 2017, and through it the General Assembly established "medical review panels to review proposed malpractice complaints against health care providers covered by this chapter." KRS 216C.005. KRS 216C.020, in turn, sets forth the requirement of review by a Medical Review Panel (MRP):

> (1) All malpractice and malpractice-related claims against a health care provider, other than claims validly agreed for submission to a binding arbitration procedure, shall be reviewed by a medical review panel. Such an action may not be commenced in a court in Kentucky before:
>
> > (a) The claimant's proposed complaint has been presented to a medical review panel established under this chapter; and
> >
> > (b) An opinion is given by the panel. If the panel has not given its opinion within nine (9) months after the filing of the proposed complaint, the plaintiff may commence the action in court.

> (2) Any action involving a dependent claim accruing after June 29, 2017, shall be immediately and automatically stayed until:
>
>> (a) The claimant's proposed complaint against the health care provider has been presented to a medical review panel established under this chapter and an opinion is given by the panel; or
>>
>> (b) Nine (9) months after the filing of the proposed complaint if the panel has not given its opinion.
>
> (3) Nothing in this chapter shall apply to a cause of action filed before June 29, 2017.

In addition, KRS 216C.040(1) included a tolling provision: "The filing of a proposed complaint tolls the applicable statute of limitations. The statute of limitations is tolled until ninety (90) days after the claimant has received the opinion of the medical review panel." And in KRS 216C.190, the General Assembly provided that "[i]f the panel has not given its opinion within nine (9) months after the filing of the proposed complaint, the plaintiff may commence the action in court. The panel shall submit a report to the parties, stating the reasons for the delay, and may continue its work to reach an opinion."

Litigation to contest the validity of the MRP Act began immediately, and this was ultimately successful, as explained in *Smith v. Fletcher*, 613 S.W.3d 18 (Ky. 2020):

On June 29, 2017, an action was filed in Franklin Circuit Court challenging the validity of the MRPA. In that case, *Claycomb v. Commonwealth*, Civil Action No. 17-CI-00708, the plaintiffs sought a declaratory judgment that the MRPA was unconstitutional, as well as temporary and permanent injunctive relief to prohibit the Cabinet for Health and Family Services (hereinafter, "the Cabinet") from enforcing the MRPA. The circuit court issued its opinion on October 30, 2017. In that decision, the court found the MRPA to be unconstitutional and permanently enjoined the Cabinet from enforcing the MRPA. By separate order, the court also granted the plaintiffs' motion for class certification and certified the class for declaratory and injunctive relief purposes. The class included "all persons who presently or prospectively have 'malpractice' or 'malpractice-related' claims against a 'health care provider' subject to" the MRPA.

On November 1, 2017, the Cabinet filed (1) a Notice of Appeal and (2) an independent motion for emergency relief from the Court of Appeals under Kentucky Rule of Civil Procedure ("CR") CR 65.08. In the CR 65.08 motion, the Cabinet sought emergency relief to stay the permanent injunction, claiming that the injunction "jeopardizes the timeliness of the claims that are currently pending before the medical review panels."

The Court of Appeals granted the requested emergency relief on November 9, 2017, thereby staying the circuit court's injunction. In its Order Granting Emergency Relief, the Court of Appeals noted that eighty-nine cases were, at that time, pending before the Cabinet pursuant to the MRPA. The court concluded that "no provision was undertaken to avoid the fatal effect of limitations statutes on the claims of persons who, in obedience to the Act, failed to timely file a lawsuit in court." As a result, the Court of Appeals stayed the circuit court's injunction "until further order of this Court." In other words, the Cabinet was no longer

-4-

enjoined from enforcing the MRPA, and potential medical malpractice claimants were still required to proceed through the medical review panel process.

Meanwhile, in Franklin Circuit Court, the class members filed a Motion to Modify Injunctive Relief. On November 22, 2017, the Franklin Circuit Court entered an order holding that motion in abeyance "pending a final ruling of the appellate courts on the Defendants [sic] motion under CR 65.08." In that order, the court addressed the Court of Appeals' concerns about the statute of limitations. That court specifically referenced KRS 413.270, suggesting that this "savings statute" provided claimants ninety days from the date that the MRPA is declared unconstitutional to file in circuit court.

On December 6, 2017, this Court granted transfer of the Cabinet's appeal. The parties briefed the constitutional issues but did not challenge class certification or the Court of Appeals' Order Granting Emergency Relief. The members of the class, however, briefed the statute of limitations issue and "request[ed] guidance for the bench and bar regarding the applicability of the saving statute and/or equitable tolling principles for MRP claims filed with the Cabinet that should now proceed to court."

On November 15, 2018, this Court issued its opinion in *Commonwealth v. Claycomb*, 566 S.W.3d 202 (Ky. 2018), in which we held that the MRPA was unconstitutional. We did not address the statute of limitations or tolling issues. The class members then filed a Petition for Modification and/or Extension pursuant to CR 76.32, asking this Court to address the statute of limitations issues. In doing so, the class members asked the Court to consider the MRPA's tolling provisions, Kentucky's savings statute, and equitable tolling principles. We denied that petition on February 14, 2019, and *Claycomb* became final on that day.

*Smith*, 613 S.W.3d at 20-21. A Legislative Research Commission Note dated November 15, 2018, states, "[o]n November 15, 2018, the Kentucky Supreme Court ruled that the 2017 Medical Review Panel Act, of which this section is part, violated Kentucky Constitution Section 14's guarantee of a right of access to the courts to obtain a remedy for injury, and is, therefore, void in its entirety."

Turning to the present case, in 2015, Snowden became a patient of Kevin Snyder Art, M.D., to whom he had been referred for the evaluation and treatment of a urological disorder. Dr. Art is a physician and surgeon who practices as a urologist with Saint Joseph Urology Associates and KentuckyOne Health Medical Group, Inc. As a result of this treatment, Snowden alleged that he had been injured between December 15, 2015, and October 14, 2016. Just prior to the running of the one-year statute of limitations and in accordance with the MRP Act, Snowden filed a proposed complaint with the MRP on October 12, 2017, alleging medical negligence (Case No. MRP-2017-0073.) Snowden never received an opinion from the MRP.

The underlying circuit court medical negligence action began with Snowden's filing of a complaint with the Fayette Circuit Court on February 7, 2019, one week before the Supreme Court's opinion in *Claycomb* became final. Snowden named Dr. Art, Saint Joseph Urology Associates, and KentuckyOne Health Medical Group, Inc. (collectively, the defendants or the appellees) as the

defendants.  Snowden stated that he had timely filed this claim with the MRP.  The defendants filed answers seeking dismissal for failure to state a claim upon which relief may be granted, which included failing to file the claim within the applicable statute of limitations.

Shortly thereafter, on April 24, 2019, the defendants moved the court to dismiss Snowden's complaint pursuant to CR 12.02 as barred by the one-year statute of limitations in KRS 413.140(1).  They stated that Snowden filed his complaint with the MRP on October 12, 2017, while litigation as to the constitutionality of the MRP Act was pending.  The Supreme Court ultimately held that the MRP Act was unconstitutional on November 15, 2018.  *See Claycomb*, *supra*.  In their motion, the defendants argued that Snowden did not act to preserve his rights by filing a civil action during that litigation.  Instead, he waited until February 7, 2019, to file his complaint in the circuit court.  Based upon Snowden's allegations that his injuries had occurred between December 15, 2015, and October 14, 2016, the statute of limitations on Snowden's claim would have expired on October 14, 2017, unless the tolling provision in the MRP Act applied to extend it.  The defendants asserted that nine months after filing his claim with the MRP, Snowden could have filed his complaint in circuit court pursuant to KRS 216C.190, but he waited seven more months before filing it.

The defendants went on to argue that because the MRP Act had been declared unconstitutional, the tolling provision in KRS 216C.040(1) could not work to extend the applicable limitations period. And they argued that equitable tolling principles did not apply under the circumstances of this case as the missed deadline was not due to extraordinary circumstances beyond Snowden's control. Finally, the defendants argued that KRS 413.270, the savings statute, did not apply under the circumstances of this case. In sum, the defendants insisted that Snowden had failed to promptly preserve his rights in the event the MRP Act was declared unconstitutional but waited 16 months after the deadline had passed to file his complaint. It would be inequitable to them, the defendants argued, if the court permitted Snowden's claim to proceed.

Snowden objected to the motion to dismiss. He pointed out that the Supreme Court's opinion in *Claycomb* was not yet final when he filed his complaint in circuit court. He also argued that his complaint was timely filed pursuant to Kentucky's savings statute and the doctrine of equitable tolling. Because he filed his complaint in circuit court seven days prior to finality in *Claycomb*, Snowden asserted that the court should not dismiss his complaint.

In reply, the defendants argued that the savings statute could not apply to the MRP Act as such panels are not judicial or quasi-judicial tribunals. They also argued that the tolling provision in the MRP Act could not apply because the

entire statute had been declared void *ab initio*. And they argued that Snowden had not met his burden to establish that equitable tolling should apply in his case.

The court heard oral arguments from the parties, and on June 25, 2019, it entered an opinion and order granting the defendants' motion to dismiss. The court held that: 1) because the MRP Act was declared void *ab initio* as of February 14, 2019, the date *Claycomb* became final, the tolling provision could not apply; 2) KRS 413.270, the savings statute, did not apply as the MRP was not a judicial or quasi-judicial tribunal; and 3) the equitable tolling doctrine did not apply after July 12, 2018, which was nine months after Snowden filed his proposed complaint with the MRP without having received an opinion, as he could have filed his circuit court complaint at that time. This appeal now follows.

Our standard of review of an order granting a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to CR 12.02(f) is set forth in *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005):

> A motion to dismiss should only be granted if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When ruling on the motion, the allegations in "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy*, 725 S.W.2d 867, 868 (Ky. App. 1987). In making this decision, the trial court is not

-9-

required to make any factual findings. *James v. Wilson*, 95 S.W.3d 875, 884 (Ky. App. 2002). Therefore, "the question is purely a matter of law." *Id*. Accordingly, the trial court's decision will be reviewed *de novo*. *Revenue Cabinet v. Hubbard*, 37 S.W.3d 717, 719 (Ky. 2000).

More specifically to this appeal,

> This Court has long held that "[w]here the pertinent facts are not in dispute, the validity of the defense of the statute of limitations can and should be determined by the court as a matter of law." *Emberton v. GMRI, Inc*., 299 S.W.3d 565, 572-73 (Ky. 2009) (quoting *Lynn Min. Co. v. Kelly*, 394 S.W.2d 755, 759 (Ky. 1965)). In this case, "there is no dispute concerning the operative facts concerning the time elements involved." *Louisville Trust Co. v. Johns-Manville Prods.*, 580 S.W.2d 497, 501 (Ky. 1979). Therefore, our review is of a question of law, and we review questions of law de novo. *Community Financial Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

*Smith*, 613 S.W.3d at 24.

After the parties filed their appellate briefs, Snowden moved this Court to hold the appeal in abeyance pending a final decision in the then-pending circuit court cases of *Smith v. Fletcher*, Case Nos. 19-CI-00201 and 19-CI-00251, which had also been assigned to the Third Division in Fayette Circuit Court and addressed the same issue. After those actions were dismissed, the Smith plaintiffs appealed to this Court, and that appeal was ultimately transferred to the Supreme Court of Kentucky (Appeal No. 2019-SC-0503-TG). Over the appellees' objection, this Court granted Snowden's motion and placed the appeal in abeyance

pending the final outcome of the Supreme Court's review in *Smith*. The Supreme Court rendered its decision in *Smith* on December 17, 2020, and that decision became final on January 7, 2021.

On February 23, 2021, shortly after *Smith* became final, Snowden moved this Court to remand his case to the circuit court for further proceedings based upon the holding in *Smith*, which he argued supported his argument that his complaint was timely filed and should not have been dismissed. A three-judge panel of this Court denied the motion to remand on September 2, 2021. Snowden moved this Court to reconsider that ruling, noting that the appellees had not responded to or opposed his motion to remand. In the alternative, he asked for additional briefing to address the Supreme Court's recent opinion. This Court denied the motion to reconsider but permitted the parties to file supplemental briefs addressing the holding in *Smith*. Both parties filed supplemental briefs, which we have reviewed in addition to their initial briefs.

In his supplemental brief, Snowden argues that *Smith* is determinative in this case based on its holdings that KRS 413.270, Kentucky's savings statute, applied in that case, that *Claycomb* became final on February 14, 2019, and that the 90-day tolling period in KRS 413.270 did not begin to run until the date *Claycomb* became final. Because he filed his civil action prior to *Claycomb* even reaching finality, Snowden argues that his complaint was timely filed.

The appellees, on the other hand, argue that there are factual distinctions between the two cases, which meant that *Smith* did not necessarily or entirely resolve the issue in the present appeal. They point to the fact in this case that the MRP never issued an opinion regarding Snowden's claim, as was the case in *Smith*, and that the *Smith* Court did not address this situation. And they argue that the MRP lost its power or jurisdiction to conduct hearings, weigh evidence, and issue an opinion, nine months after the proposed complaint was filed. Therefore, if *Smith* applies here, they argue that the 90-day period would have started to run from July 12, 2018, and expired on October 11 of that year, making Snowden's complaint untimely filed.

We agree with the defendants, to an extent, that the *Smith* plaintiffs were in a different posture than Snowden. While *Claycomb* was pending in the Supreme Court, the Smiths filed their proposed complaint with the MRP on February 8, 2018, which tolled the statute of limitations that would otherwise have expired on April 12, 2018. *Smith*, 613 S.W.3d at 21-22. The MRP issued an opinion on October 29, 2018, which meant that the statute of limitations was tolled for another 90 days from that date under the MRP Act. *Id*. The Smiths filed their suit in Fayette Circuit Court on January 18, 2019, which was within the 90-day window and prior to *Claycomb* becoming final on February 14, 2019. *Id*. The circuit court dismissed the complaint as untimely filed. *Id*. However, the

differences between the two cases have no effect on our resolution of the present appeal, as we shall discuss.

The Smiths raised several issues in support of their appeal, including many of the same issues asserted in the present case, namely that their complaint was tolled by operation of KRS 216C.040, that the savings statute (KRS 413.270) applied, and that the doctrine of equitable tolling applied. *Smith*, 613 S.W.3d at 23-24. The Supreme Court held that Kentucky's savings statute, KRS 413.270, was determinative in that case as the MRP was a quasi-judicial body and therefore came under the purview of the statute. *Smith*, 613 S.W.3d at 24-28.

In *Smith*, the Supreme Court extensively discussed KRS 413.270, Kentucky's savings statute, which states as follows:

> (1) If an action is commenced in due time and in good faith in any court of this state and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court. The time between the commencement of the first and last action shall not be counted in applying any statute of limitation.
>
> (2) As used in this section, "court" means all courts, commissions, and boards which are judicial or quasi-judicial tribunals authorized by the Constitution or statutes of the Commonwealth of Kentucky or of the United States of America.

-13-

The Supreme Court recognized "that KRS 413.270 is remedial in nature" and that "[t]he intention of the statute 'is to enable a litigant in such a situation to obtain a trial on the merits and not to penalize it for filing its original action in a court of the wrong venue.'" *Smith*, 613 S.W.3d at 25 (citations omitted).

First, the Supreme Court held that the MRP is quasi-judicial:

> Although the panels are not adjudicative, adjudication is not the sole measure of whether an administrative body is quasi-judicial. It is not so much about the outcome or end result of the actions, but rather what actions were taken and how that outcome was reached. In determining whether actions of a governmental agency are quasi-judicial in nature, we must look at whether the agency's action required the use of discretion and whether the agency was "required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for [its] official action." [*Roach v. Kentucky Parole Board*, 553 S.W.3d 791, 794 (Ky. 2018)]. This is exactly what medical review panels did.

*Id*. at 25-26. The Court went on to review the various statutes in the MRP Act that provided for a panel's review and bestowed specific rights to act. *See* KRS 216C.160(2) (providing for review of records and witness depositions and affidavits); KRS 216C.160(4) (providing for the power to issue administrative subpoenas and subpoenas duces tecum); KRS 216C.170(2) (providing for the right to request information and conduct a hearing); and KRS 216C.180(1) (providing the MRP with the sole duty to issue an opinion as to the proposed complaint after which the panel would be dissolved). *Smith*, 613 S.W.3d at 26.

It is clear that the medical review panels investigated facts and weighed evidence. They were permitted to hold hearings and subpoena witnesses. Panel members used their discretion in reaching a conclusion, and their final official action was the issuance of an opinion. As such, we conclude that medical review panels were quasi-judicial in nature.

*Id*.

The Supreme Court then discussed the question of jurisdiction:

In this case, the MRPA bestowed power on the medical review panels to "hear cases" in that, as noted above, the panels were empowered to review evidence, subpoena witnesses and documents, and conduct hearings at which panel members could question the parties and their attorneys. After reviewing the evidence, the panels had the duty to issue opinions. A medical malpractice claimant was required to proceed through the medical review panel process before he or she could file a claim in an appropriate circuit court. In that sense, the medical review panels had "jurisdiction" to hear a medical malpractice case prior to any other court obtaining jurisdiction. However, when the MRPA was struck down as unconstitutional in *Claycomb*, the medical review panels no longer had jurisdiction over medical malpractice claims to prevent their filing in circuit court, as they no longer had "power to do anything at all." [*Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) (quoting *Daugherty v. Telek*, 366 S.W.3d 463, 467 (Ky. 2012)).]

We believe the above interpretation of KRS 413.270 is consistent with its remedial nature and its intention to allow parties to obtain a trial on the merits despite some kind of mistake in location of filing. *See* [*Jent v. Commonwealth, Natural Res. and Envtl. Prot. Cabinet*, 862 S.W.2d 318, 320 (Ky. 1993)]; [*D. & J. Leasing, Inc. v. Hercules Galion Products, Inc.*, 429

S.W.2d 854, 856 (Ky. 1968)]. We find this particularly true in this case where the "mistake of location" was one created by statute and the plaintiff's proper reliance on the statute and was not created by the plaintiff's own error. It is also consistent with the overarching purpose behind statutes of limitations. "Statutes of limitations 'promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *CTS Corp. v. Waldburger*, 573 U.S. 1, 8-9, 134 S. Ct. 2175, 189 L. Ed. 2d 62 (2014) (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349, 64 S. Ct. 582, 88 L. Ed. 788 (1944)). In a case such as this, no surprise or injustice is created by a holding that the Smiths' claims were timely filed in circuit court. These claims were litigated and defended during the medical review panel process. The defendants knew the nature of the claims and the facts underlying those claims; these claims were not left to "slumber" in a manner that placed the defendants' ability to defend the claims against them at risk.

*Smith*, 613 S.W.3d at 27.

Having held that KRS 413.270 applied, the *Smith* Court went on to address when the 90-day period for the filing of a new action in the proper court began to run:

> We have previously held that the judgment referred to in this statute
>
>> is the decision which finally determines the disputed issue over the court's jurisdiction – the trial court's judgment if there is no appeal, but the appellate court's ruling if there is an appeal. This view is consistent with the prime purpose of the statute – to

> afford a full opportunity for a hearing on the merits.

> *Ockerman v. Wise*, 274 S.W.2d 385, 388 (Ky. 1954). In this case, the MRPA was struck down as unconstitutional when we rendered *Claycomb* on November 15, 2018. That opinion, however, was not finalized until this Court denied the *Claycomb* class's petition for modification or extension on February 14, 2019.[1] As such, the 90-day period permitted under KRS 413.270 did not begin to run until February 14, 2019. The Smiths filed their complaint in Fayette Circuit Court on January 18, 2019. Accordingly, their complaint was timely filed, and the circuit court erred in dismissing it as untimely.

*Smith*, 613 S.W.3d at 27-28.

We agree with Snowden that the Supreme Court's holding in *Smith* applies in his case as well. And we reject the appellees' argument that *Smith* does not apply or the limitations period expired at a different time because the MRP never issued an opinion in Snowden's case. On the contrary, the Supreme Court's discussion in *Smith* about the quasi-judicial nature of the MRP applies whether or not it issued an opinion in a particular case. We find the following language in

---

[1] The *Claycomb* class's petition for modification or extension urged this Court to predetermine how our decision in *Claycomb* would impact the running of the statute of limitations for plaintiffs who had filed complaints with the medical review panel. Having had no particular defendants in front of us to argue the merits of that issue, we declined to address it. Our denial of that petition was not a decision on the merits of the issues presented in the petition. The defendants' argument that our denial of the petition was an effective ruling on the merits is inaccurate.

Smith, 613 S.W.3d at 28 n.3.

-17-

*Smith* to be most compelling as to why that holding should be extended to Snowden's case and believe it bears repeating here:

> We believe the above interpretation of KRS 413.270 is consistent with its remedial nature and its intention to allow parties to obtain a trial on the merits despite some kind of mistake in location of filing. We find this particularly true in this case where the "mistake of location" was one created by statute and the plaintiff's proper reliance on the statute and was not created by the plaintiff's own error. It is also consistent with the overarching purpose behind statutes of limitations.

*Smith*, 613 S.W.3d at 27 (citation omitted).

The *Smith* Court's holding that the 90-day period under KRS 413.270 began to run on February 14, 2019, equally applies in Snowden's case. We likewise reject the appellees' assertion that the 90-day period began to run nine months after Snowden filed his proposed complaint with the MRP when no opinion had been issued.

KRS 216C.020(1)(b) provided that "[i]f the panel has not given its opinion within nine (9) months after the filing of the proposed complaint, the plaintiff may commence the action in court." And in KRS 216C.190, the General Assembly provided that "[i]f the panel has not given its opinion within nine (9) months after the filing of the proposed complaint, the plaintiff may commence the action in court . . . and [the panel] may continue its work to reach an opinion." Neither of these provisions required a claimant such as Snowden to file his

complaint in the circuit court within 90 days of the expiration of the nine-month period the MRP had to issue an opinion.  Rather, the use of the word "may" denoted that it was merely permissible for a claimant to file a circuit court action and would permit a claimant to wait to see if the MRP eventually issued an opinion, as it had the option to do.  The General Assembly certainly permitted the MRP to continue its work after the 90-day period had ended.

"The primary purpose of judicial construction is to carry out the intent of the legislature" and "[t]he first principle of statutory construction is to use the plain meaning of the words used in the statute." *Monumental Life Ins. Co. v. Department of Revenue*, 294 S.W.3d 10, 19 (Ky. App. 2008).  The MRP never lost jurisdiction by failing to issue an opinion within the nine-month period.  Instead, the expiration of that period without the issuance of an opinion merely lifted the statutory mandate that a claimant was not able to file a claim in circuit court.

Pursuant to the Supreme Court's holding in *Smith*, Snowden had 90 days from the date *Claycomb* became final to file his complaint in circuit court.  Snowden filed his complaint on February 7, 2019, one week prior to the date of finality in *Claycomb*.  Therefore, Snowden's complaint was timely filed, and the circuit court erred as a matter of law in dismissing his action.

For the foregoing reasons, the order of the Fayette Circuit Court dismissing Snowden's complaint is reversed, and this matter is remanded for further proceedings.

ALL CONCUR.


BRIEF FOR APPELLANT:

Escum L. Moore, III
Lexington, Kentucky

Christopher D. Miller
Lexington, Kentucky

SUPPLEMENTAL BRIEF FOR
APPELLANT:

Christopher D. Miller
Lexington, Kentucky

BRIEFS FOR APPELLEES:

Jeffery T. Barnett
Holly R. Iaccarino
Lexington, Kentucky