RENDERED:  MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0206-MR

JOSEPH B. CURD, JR.                                                APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.        HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 18-CI-00353


COMMONWEALTH OF KENTUCKY,
KENTUCKY STATE BOARD OF
LICENSURE FOR PROFESSIONAL
ENGINEERS AND LAND
SURVEYORS; AND JAMES
DONALD PEDIGO, II                                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, EASTON, AND L. JONES, JUDGES.

EASTON, JUDGE:  The Appellant, Joseph B. Curd, Jr. ("Curd"), appeals from an

Order of the Franklin Circuit Court, which affirmed Curd's six-month suspension

of his surveyor license imposed by the Appellee, Commonwealth of Kentucky,

Kentucky State Board of Licensure for Professional Engineers and Land Surveyors

("Board"). After a thorough review of the record and the applicable law, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

This is the *fourth* appeal of this license suspension. If a lesson may be learned from the over two-decade history of this case, that lesson could be that is often better to use specific dispositional language instead of phrases like "for proceedings consistent with this opinion." Also, careful consideration of all the language used by the appellate court for the remand, rather than reliance on an out of context phrase, may avoid unnecessary proceedings.

Curd is a licensed surveyor. In 2003, Curd was retained by Karen and David Southwood as an expert witness in a quiet title boundary dispute case ("civil suit") in the Wayne Circuit Court (*Denney v. Southwood*, Civil Action No. 01-CI-00201). Curd in part reviewed the work of another surveyor, Jim West ("West"), who had been retained by the opposing party. Curd testified in a deposition and at a bench trial.

The Southwoods lost the civil suit. In November 2003, Karen Southwood filed a complaint to the Board regarding West's testimony as an expert witness in the civil suit. The Board found West committed minor violations. But during its investigation of West, the Board also reviewed Curd's conduct and

found sufficient issues to proceed on its own authority with a disciplinary action against Curd.

In 2007, the Board filed an administrative complaint against Curd charging him with multiple violations regarding his testimony in the civil suit. We will not belabor this Opinion by revisiting these specifics, which have been discussed at length in prior appeals. A three-day administrative hearing was held in March 2008 before a Hearing Officer. In December 2008, the Hearing Officer issued his Findings of Fact, Conclusion of Law, and Recommended Order, determining that Curd's testimony in the civil case was dishonest and misleading and that he ignored or suppressed material facts. The Hearing Officer recommended a suspension of Curd's surveyor license for a period of six months.

The full Board then took up the case for final action. In January 2009, the Board issued its Findings of Fact, Conclusions of Law, and Final Order ("2009 Final Order"), accepting the Hearing Officer's Recommended Order and suspending Curd's surveyor license for a period of six months. Curd filed a petition for review to Franklin Circuit Court challenging the 2009 Final Order. The circuit court found that most of the statutory and regulatory authority supporting the Board's sanctioning of Curd was unconstitutionally vague.

The case was appealed to this Court, which reversed in part. Then in *Curd v. Kentucky State Board of Licensure for Professional Engineers & Land*

*Surveyors*, 433 S.W.3d 291 (Ky. 2014) (*Curd I*), the Kentucky Supreme Court held that all but one of the statutes and regulations under which the Board sanctioned Curd were unconstitutionally vague as applied to him.

As for Curd's remaining violation, the Supreme Court stated "[t]he Board's findings adequately support the conclusion that Curd's testimony failed to be objective, *equally* punishable under 201 KAR[1] 18:142, Section 3." *Id.* at 308 (emphasis added). The Court reasoned, "Essentially, Curd ignored proper land-surveying methodology in an attempt to support a desired result . . . . Misleading testimony is not objective testimony." *Id.*

In *Curd I*, the Kentucky Supreme Court determined that the *facts* of the case had been established by substantial evidence. There was no direction to have a new evidentiary hearing. The Board was directed only to engage in a "reconsideration" of the penalty because the Board did not give any insight into how it may have apportioned the sanction among the various violations, including those based on unconstitutionally vague rules. The Court took no position as to whether Curd's sanction was still appropriate for his violation of 201 KAR 18:142, Section 3, alone. *Id.* at 308-09.

In July 2014, the Board met to discuss Curd's case after remand. At this meeting, the Board declined to appoint a Hearing Officer or allow any new

---

[1] Kentucky Administrative Regulations.

-4-

arguments by counsel. The Board issued an Amended Final Order suspending Curd's surveyor license for six months – this time only for violations under 201 KAR 18:142, Section 3. The Amended Final Order incorporated by reference the 2009 Final Order, except to the extent of any determination in that prior order of statutory or regulatory provisions that had been found unconstitutional. But the Amended Final Order did not explain why the Board believed a six-month suspension was still appropriate considering the Supreme Court's previous ruling.

Curd again appealed the Amended Final Order to the Franklin Circuit Court. Curd alleged he was denied due process by the Board because it did not allow counsel to re-address the penalty. He also claimed the penalty was excessive and arbitrary. The circuit court issued an Opinion and Order reversing the Amended Final Order. The circuit court did not take a position on the appropriateness of Curd's sanction but held, based on the ruling in *Curd I*, the Board was required to have a hearing on sanctions with a Hearing Officer.

The Board then appealed the circuit court's ruling to this Court. *Commonwealth Kentucky State Bd. of Licensure for Prof'l Eng's & Land Surveyors v. Curd*, No. 2015-CA-001591-MR, 2017 WL 1203386 (Ky. App. Mar. 31, 2017) ("*Curd II*"). This Court reversed the circuit court, finding that the ruling in *Curd I* "did not state that a new hearing was required, only that the Board reconsider Mr. Curd's sanction." *Id.* at *2. But this Court believed "the Board did

not completely fulfill the requirements set forth by the Kentucky Supreme Court on remand." *Id.* at *3. The Court found the Board did not explain the appropriateness of Curd's penalty given the more limited legal basis for a sanction, and we remanded the matter on that basis. *Id.*

Upon remand, the Board met in March 2018 and issued a Second Amended Final Order, which once again assessed a six-month suspension. The Board stated:

> Here, Mr. Curd repeatedly and intentionally violated a very specific provision of the ethical code, a provision that requires honesty. Whether or not that behavior also violated other general provisions of ethical code is of little consequence and does not impact the selection of the appropriate sanction; it is the behavior itself that the Board's sanction seeks to address.

The Board set forth eight factors it considered when selecting Curd's penalty, which were as follows:

> 1. The clarity or obviousness of the licensee's professional obligation under the circumstances;
>
> 2. The extent of the departure of conduct of the licensee from what was required of the licensee under his or her professional obligations;
>
> 3. Whether the conduct was willful or inadvertent, or intentional or accidental;
>
> 4. Whether there were any extenuating circumstances that made the behavior reasonable given the facts of the situation;

-6-

5. Whether the behavior represents a singular instance, or repeated instances;

6. Any adverse impact, actual or potential, posed to the public by that the licensee's behavior;

7. The significance of the behavior to the fact of licensure in general; and

8. The likelihood that the selection or a particular sanction would serve as an appropriate penalty for the violation by the licensee, and, at the same time, be a sufficient deterrent to the licensee to avoid a repetition of the unlawful behavior, as well as other licensees who might otherwise be inclined to follow a similar path of behavior.

The Board recognized that the Hearing Officer's original findings of fact in 2008 relevant to violations of 201 KAR 18:142, Section 3 "were affirmed by the Kentucky Supreme Court and accordingly, are the facts of this case." The Board noted the Hearing Officer concluded Curd committed the following distinct violations falling under 201 KAR 18:142, Section 3: (1) his dishonest representations of his professional qualifications; (2) his dishonest criticism of the opposing expert witness; and (3) his dishonest representations regarding the location of the property boundaries. The Board noted the Hearing Officer made a finding that Curd, in a taped telephone conversation, admitted he knew his clients' deed did not encompass the land they claimed.

The Board also provided the following rationale behind why it chose Curd's sanction:

The six-month suspension, though perhaps erring on the lenient side, is the Board's assessment of the balance point in the determination of the sanction that accomplishes the goals of a sanction and is within the parameters of the Board's statutory authority. The selected sanction reflects the significance and extent of the violations, extract a penalty sufficient to offset any benefit Mr. Curd may have received for his unethical behavior, is likely to discourage Mr. Curd and others from engaging in similar behavior in the future, and takes into consideration Mr. Curd's technical competency as a surveyor, and the fact that he has not previously been disciplined for violation of his ethical obligations.

Curd filed another petition for review to Franklin Circuit Court regarding the Second Amended Final Order. The circuit court reversed and remanded the case back to the Board for a sanction hearing. The circuit court concluded it was "unclear" where the Board derived the eight factors, and thus Curd "must be afforded a hearing in line with due process in order to provide him the fair opportunity to address the factors." The Board then filed an appeal of the circuit court's decision, asserting the circuit court violated the law of the case doctrine by holding Curd was entitled to a sanction hearing.

This Court reversed the Franklin Circuit Court in *Kentucky State Board of Licensure for Professional Engineers & Land Surveyors v. Curd*, No. 2019-CA-000285-MR, 2020 WL 2510918 (Ky. App. May. 15, 2020) ("*Curd III*"). This Court held its previous ruling in *Curd II* required no sanction hearing, stating:

Simply put, the bottom line now is the same as it was when we rendered *Curd II*: Curd is entitled to detailed

-8-

findings,[2] but not a fresh hearing. Curd long ago had the opportunity to present evidence and to cross-examine adverse witnesses at a three-day hearing. Having considered the circuit court's order and all the parties' arguments, we reiterate that Curd is not entitled to another bite at the evidentiary hearing apple.

*Id.* at \*3.

This Court noted "an unbridgeable gulf between our holding in *Curd II*, that due process did not entitle Curd to a sanctions hearing, and the circuit court's conclusion that due process requires such a hearing." *Id.* at \*4. We found that the circuit court failed to strictly follow the mandate of an appellate court as required by the law of the case doctrine. *Id.* We remanded the case "to the Franklin Circuit Court with instructions to address Joseph Curd's alternate arguments as to why the Board's sanctions determination is improper." *Id.*

In its February 2024 Order, the circuit court affirmed the Board's Second Amended Final Order. The circuit court stated it "believes the six-month suspension is thoroughly justified by the explanation found in the Board's Second Amended Final Order." The circuit court held the Board's decision regarding Curd's sanction to be supported by substantial evidence and within statutory

---

[2] In retrospect, we note that what was required was not necessarily new "findings" *per se* but rather an explanation of how the established factual findings justified the penalty when the only remaining legal basis for a penalty was applied. In any event, the findings and explanation provided in the Second Amended Order were detailed and more than adequate to justify the Board's final decision. As we will later explain, the contents of the Second Final Order are based on the substantial evidence already acknowledged by the Kentucky Supreme Court, and the final decision was not arbitrary.

authority. The circuit court stated "[t]he Second Amended Final Order addresses the selection of this sanction as being based on the nature and extent of Curd's behavior, relative to his obligations as a licensed professional land surveyor." The circuit court further stated that Curd's "six-month suspension is a sufficient deterrent to Curd and others from engaging in similar behavior." The circuit court concluded: "The action of the Board was not arbitrary as there is a significant amount of relevant evidence that a reasonable mind would accept as adequate to support a conclusion underlying the Board's discretionary action."

This fourth appeal follows.

## STANDARD OF REVIEW

Upon judicial review, courts defer to agency fact-finding. *Roach v. Kentucky Parole Board*, 553 S.W.3d 791, 793 (Ky. 2018). In this case, the facts of what Curd did were previously established in *Curd I*. The question here is a matter of law which we review de novo. *Id.* Specifically, this case requires us to determine whether the Board complied with the mandate imposed by the final remand of this case. *See Williamson v. Commonwealth*, 767 S.W.2d 323, 325 (Ky. 1989). Overall, we examine whether the Board acted arbitrarily in its decision about the final penalty imposed. *See American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Comm'n*, 379 S.W.2d 450 (Ky. 1964).

-10-

## ANALYSIS

Curd argues the Board erred by assessing the same penalty, upon the same facts, when its previous penalty had been found unconstitutional. Specifically, Curd argues: "If a litigant challenges the constitutionality of a punishment assessed by an administrative body and wins, that the punishment should at least be *somewhat* different, whether in quality or quantity, upon remand."

We find Curd's premise inherently flawed as no appellate court found that his six-month suspension was unconstitutional. The Kentucky Supreme Court in *Curd I* held most of the Board's charging statutes and violations were unconstitutional as applied to Curd, but that Court recognized the Board's findings adequately supported the conclusion that Curd violated 201 KAR 18:142, Section 3. That Court took no position as to whether Curd's suspension was appropriate for this violation alone and remanded the case to the Board. This Court in *Curd II* found the ruling in *Curd I* did not require a new hearing, only that the Board reconsider Mr. Curd's sanction.

The Board's Second Amended Order gives a detailed factual explanation of why Curd was given the penalty he was. The Board stressed Curd's multiple violations of 201 KAR 18:142, Section 3, were enough to uphold the suspension. Without a new evidentiary hearing, which it was not required to have,

-11-

the Board reconsidered the penalty assessed and for detailed reasons explained why it chose to still impose it. That is all that was required by the original remand over fifteen years ago. With the essential facts of the case being established as the law of this case, there was nothing arbitrary about the Board's final decision. The circuit court did not err in upholding the Board's decision in light of the directives of the multiple prior appeals.

Curd points out that courts do not owe unlimited deference to administrative agencies. Curd concedes there is little (if any) Kentucky caselaw overturning agency decisions based upon the unfairness or irrationality of a penalty. Instead, Curd cites caselaw from other jurisdictions. "The assessment of a penalty is particularly delegated to the administrative agency. Its choice of sanction is not to be overturned unless it is unwarranted in law or without justification in fact. The assessment is not a factual finding but the exercise of a discretionary grant of power." *Vanhoose v. Commonwealth*, 995 S.W.2d 389, 393 (Ky. App. 1999) (internal quotation marks and citation omitted).

In this matter, even if we did not defer to the Board, we conclude that Curd's six-month suspension was neither unwarranted in law nor without justification in fact. The Board's Second Amended Order provided a detailed explanation of why it chose Curd's penalty, with established facts to support that penalty.

**CONCLUSION**

The circuit court did not err in upholding Curd's six-month suspension of his surveyor license. The Board ultimately complied with the directions on remand. Its decision to impose the same penalty under the same facts, regardless of how many provisions Curd could have been determined to violate, was not arbitrary. The Judgment of the Franklin Circuit Court is AFFIRMED.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Daniel J. Canon
Indianapolis, Indiana

BRIEF FOR APPELLEE
KENTUCKY STATE BOARD OF
LICENSURE FOR PROFESSIONAL
ENGINEERS AND LAND
SURVEYORS:

Jake R. Miller
Frankfort, Kentucky